Argued December 9, 1969, affirmed February 27, 1970

# UTAH CONSTRUCTION AND MINING CO., Respondent, v. STATE TAX COMMIS-SION, Appellant.

465 P. 2d 712

*Walter J. Apley,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Theodore W. de Looze, Assistant Attorney General, Salem.

*John D. Mosser,* Portland, argued the cause for respondent. With him on the brief were Wood, Wood, Tatum, Mosser & Brooke, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN,\* DENECKE and HOLMAN, Justices.

DENECKE, J.

The dispute concerns an assessment of the Oregon corporate excise tax for a three-year period. The plaintiff taxpayer is a foreign corporation doing business in Oregon and in other states. The issue is how much of the taxpayer's income is derived from business done in Oregon.

The taxpayer computed its Oregon income by a segregated accounting method and determined that it had a loss in excess of two million dollars for the three years, and that no tax was due. The Tax Commission computed the taxpayer's income on Oregon business by the apportionment accounting method. The amount of income so computed is not in the record; however, the Commission claims a tax of approxi-

---

\* Goodwin, J., resigned December 19, 1969.

mately $38,000 is due for the period. The Tax Court ruled against the Commission and it appealed. 3 OTR Adv Sh 415 (1969).

The Commission's position is that the taxpayer is a unitary business and that an Oregon statute and the Commission's regulations make the use of the apportionment accounting method "preferable if not mandatory" for such a business.[1]

---

[1] ORS 314.280(1) provides:

"If the gross income of a corporation or a nonresident individual is derived from business done both within and without the state, the determination of net income shall be based upon the business done within the state, and the commission shall have power to permit or require either the segregated method of reporting or the apportionment method of reporting, under rules and regulations adopted by the commission, so as fairly and accurately to reflect the net income of the business done within the state."

Reg. 314.280(1)-(A), in part, provides:

"* * * The method to be used in determining the portion of the total income that is properly allocable to this state depends upon the circumstances in each case, and no rule of universal application can be stated. In most cases the circumstances are such that the income arising from the business done in Oregon must be determined by the apportionment method (Reg. 314.280(1)-(B)). The segregated accounting method (Reg. 314.280(1)-(C)) is appropriate where the business or activity in and out of the state cannot be classed as unitary. * * *."

Reg. 314.280(1)-(B), in part, provides:

"If the business of the taxpayer is carried on both within and without this state, and the income properly attributable to Oregon may be fairly reflected only by treating the business within and without the state as a unitary business, the apportionment method must be used. The term 'unitary business' means that the taxpayer to which it is applied is carrying on a business, the component parts of which are too closely connected and necessary to each other to justify division or separate consideration as independent units. Where Oregon activities are a part of a unitary business carried on within and without the state, the portion of the unitary income subject to tax in Oregon will be determined by the apportionment

■ We agree with the Tax Court that regardless of whether the taxpayer is regarded as a unitary business, the statute and regulations do not make mandatory the use of the apportionment method to allocate income. The policy of the statute and regulations is to adopt a method which will "fairly and accurately * * * reflect the net income of the business done within the state."

The Commission is correct when it states that we have held: "* * * [A] taxpayer who would upset the taxing authority's apportionment of income for tax purposes must show the apportionment to be arbitrary and unreasonable by a clear and convincing preponderance of evidence. The taxpayer's burden of proof is a heavy one." *Consolidated Freightways v. Tax Com.*, 230 Or 522, 526-527, 370 P2d 224 (1962).

■ In this case we find that the taxpayer has overcome this heavy burden of proof and the only method of accounting which will "fairly and accurately * * * reflect the net income of the business done within the state" is the segregated method used by the taxpayer.

─────────────────────

method. Where the activities carried on within the state are separate from the activities carried on outside of the state, the income subject to tax may be determined upon a separate accounting of the Oregon activities. Basically, if the operation of a business within Oregon is dependent on or contributes to the operation of the business outside the state, the entire operation is unitary in character, and the income from Oregon activities will be determined by the apportionment method. In all cases where the business is unitary, some type of an apportionment formula will generally be employed, not separate accounting. * * *."

Reg. 314.280(1)-(C), in part, provides:

"If the business is such that the use of the apportionment method is not required by Reg. 314.280(1)-(B), then the income arising from the business conducted within this state must be determined by the separate accounting method. * * *."

The essence of the stipulated facts is: (1) plaintiff's only business activity in Oregon was the construction of Round Butte Dam; (2) any expense incurred outside Oregon in the performance of this project was not charged against the project; (3) plaintiff sustained a loss on the project for each year of construction and on the entire project; (4) a substantial portion of plaintiff's income was earned from California projects and plaintiff paid a California tax on this entire income without any deduction for losses on Round Butte Dam; and (5) during these years plaintiff was taxed by states on 100 per cent of its income except for such income as was earned in states not taxing income or from operations outside the United States.

With these stipulated facts, we find it apparent that the taxpayer did not earn a net income in Oregon and in these circumstances the statute and regulations do not require the use of any accounting method which would result in a contrary showing.

Affirmed.