## DONALD M. DRAKE CO. *v.*
## DEPARTMENT OF REVENUE

Lee A. Hansen, Jones, Brown, Hansen & Steenson, Portland, represented plaintiff.

Donald C. Seymour, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered October 26, 1971.

CARLISLE B. ROBERTS, Judge.

Plaintiff sought corporation excise tax refunds from the Department of Revenue for the tax years 1965, 1966 and 1967 but, after a hearing, the petitions were denied by the department's Order No. I-70-32 and it imposed small additional assessments. Appeal to this court was taken pursuant to ORS 314.460.

The plaintiff, Donald M. Drake Company, is an Oregon corporation with its principal office located in Portland, Oregon. Its business is that of a general contractor, engaged in every type of major construction. During the years in question, it worked on

projects in Washington, Oregon and California. For the three years in controversy, 1965, 1966 and 1967, and for many years prior thereto, the taxpayer filed its Oregon corporation excise tax returns on a segregated basis, treating each job in each state as a separate item on its books, allocating to each its direct expenses and then charging to the jobs in each state a percentage of the overhead expenses in the proportion that the job cost totals in one state related to the total of all job costs. (Taxes were charged to the jurisdiction in which levied.) Using this method, Oregon projects gave rise to net income but projects in California showed substantial losses. (In passing, it is noted that the uncontradicted testimony indicated that the dollar amount of corporation income on which excise tax was paid to Oregon was three to four times the dollar amount on which federal income tax was paid in each of the three years, raising a question as to the propriety of the division of income method used.)

In 1967, the State Board of Equalization of California demanded that the taxpayer's 1967 return in that state be filed on a unitary basis. This stimulated the plaintiff into a lengthy reexamination of its reporting methods. It reworked its returns for the years 1965, 1966 and 1967, using the unitary method, and thereupon claimed refunds from the State of Oregon for 1965 in the sum of $11,785.16; for 1966 in the sum of $6,710.59; and for the year 1967 in the sum of $26,334; plus interest for each year as provided by law. The claims for refund were denied by the Department of Revenue, citing *Utah Const. & Mining v. Tax Com.*, 255 Or 228, 465 P2d 712 (1970). In appealing to this court, plaintiff pleaded that, for each year, the segregated accounting method, with direct allocation of overhead, resulted in an amount of income being taxed by

the State of Oregon which was disproportionate to the profit realized by plaintiff in Oregon.

ORS chapter 317 imposes an excise tax upon business corporations for the privilege of carrying on or doing business in the State of Oregon which, under the statute, cannot be imposed upon income received by the taxpayer from sources outside this state. The questions raised by the present case are familiar to corporations engaged in business both inside and outside Oregon where income, although often inextricably mixed, must be divided among the several states. (The question of when the division of income is required and the methods of making the division are nicely delineated in Beaman, *Paying Taxes to Other States,* 7-7 (1963).)

Oregon recognizes that the conduct of some businesses can be segregated and properly reported on a separate accounting basis but that, generally, where an organization is engaged in business activities in more than one state, overhead costs of the central office must be apportioned by some formula to the activities in each state. (See Beaman, *supra,* 7-20, for a helpful commentary.) The Department of Revenue's Reg 314.615-(B), in explication of ORS 314.615, defines "unitary business" and shows its impact upon the method of reporting. It states, in part:

"If the business activity of the taxpayer is carried on both within and without this state, and the income properly attributable to Oregon may be fairly reflected only by treating the business activity within and without the state as unitary, *the apportionment method must be used. * * *"* (Emphasis supplied.)

For a number of years prior to January 1, 1965, the Oregon statute relating to the allocation of income

and losses of a corporation or a nonresident individual from business within and without the state was ORS 314.280. It will be noted that that statute vested substantial discretion in the State Tax Commission, now the Department of Revenue. ("* * * No one system of reporting is endorsed over another as long as the method used will accomplish the purpose mentioned." *Utah Const. & Mining v. Commission,* 3 OTR 385, 391 (1969).) But even under that act, the State Tax Commission's Reg 314.280 (1)-(A) read in part:

"* * * *In most cases the circumstances are such that the income arising from the business done in Oregon must be determined by the apportionment method* (Reg 314.280 (1)-(B)). The segregated accounting method (Reg 314.280 (1)-(C)) is appropriate where the business or activity in and out of the state cannot be classed as unitary. In some cases where the business has a number of wholly diverse activities, some unitary, some segregable, the facts may require the use of a method combining features of both segregation and apportionment." (Emphasis supplied.)

The division of income of business organizations was placed under the Uniform Division of Income for Tax Purposes Act, ORS 314.605 to 314.670, beginning January 1, 1965. The Tax Commission's concept of the pre-eminence of the apportionment method, as opposed to the segregable method, of accounting for multistate income is also reflected in ORS 314.615 of the uniform act:

"Any taxpayer having income from business activity which is taxable both within and without this state, other than activity as a financial organization or public utility or the rendering of purely personal services by an individual, *shall allocate and apportion his net income* as provided in ORS 314.-605 to 314.675. * * *" (Emphasis supplied.)

Thus, by this section of the uniform act, "the apportionment formula is *prescribed* for taxpayers which are 'taxable both within and without this state'." (Emphasis supplied.) Beaman, *supra*, 7-5. ORS 314.620 of the act specifies when a taxpayer is considered taxable in another state.

This strong emphasis on the use of an apportionment formula in the usual case is modified only by ORS 314.670:

> "If the allocation and apportionment provisions of ORS 314.610 to 314.665 *do not fairly represent the extent of the taxpayer's business activity in this state,* the taxpayer may petition for and the commission may permit, or the commission may require, in respect to all or any part of the taxpayer's business activity, if reasonable:
> "\* \* \* \* \*
> "(4) The employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's income." (Emphasis supplied.)

The testimony presented to the court is conclusive that the plaintiff's operation in Oregon, Washington and California during the years 1965, 1966 and 1967 was a unitary business as defined in the department's regulation and in *Butler Brothers v. McColgan,* 315 US 501, 62 S Ct 701, 86 L ed 991 (1942).

The defendant agrees that the Uniform Division of Income for Tax Purposes Act governs the reporting method to be used by the plaintiff during the tax years in question. It then argued that ORS 314.670 (presumably read in conjunction with ORS 314.615) gives the Department of Revenue the same latitude or area of discretion as was found under the prior law, referred to by the Tax Court in the *Utah Const. &*

*Mining* case, *supra,* and, on appeal, by the Supreme Court (255 Or 228, 465 P2d 712 (1970)). In a post-trial brief, defendant states:

"All the taxpayer argues is 'since we are unitary, by definition the only way to correctly show a portion of business profits as a unitary business is the Oregon formula.' This is not a correct statement of the law in Oregon because of the *Utah Construction* case."

Defendant ends its brief with three conclusions:

"1. UDITPA [Uniform Division of Income for Tax Purposes Act] does not require apportionment of income for unitary corporations.

"2. Using the apportionment method of accounting would distant [sic] the income attributable to Oregon.

"3. Taxpayer has failed to carry its 'heavy burden' of proving that segregated accounting would not 'fairly represent the extent of taxpayer's business activity in this state,' and in fact has shown no reason for changing the method which it originally filed other than the use of an erroneous legal conclusion that 'unitary equals apportionment.' "

Contrary to the prior law, which gave wide discretion to the State Tax Commission "to permit or require either the segregated method of reporting or the apportionment method of reporting" (as stated in the pre-1965 version of ORS 314.280), the uniform act sets out and requires the use of the apportionment method with a particularized three-factor formula, making an exception (in ORS 314.670) only when one party or the other can prove that "the allocation and apportionment provisions of ORS 314.610 to 314.665 do not fairly represent the extent of the taxpayer's business activity in that state." No cases in point have

been found construing this part of the relatively new uniform act, but the court must take notice of the statutory arrangement, the prominent position therein of ORS 314.615 and the sections directly appurtenant to it which categorize and define the terms used therein, these being followed by ORS 314.670 almost as an appendage. This is in notable contrast to the pre-1965 ORS 314.280 and is deemed significant for purposes of statutory construction. This conclusion is fortified by the experience of tax administrators, as evidenced by Beaman, *supra,* as indicated in the Oregon administrator's regulations, and noted in statements of the Tax Court in the *Utah Const. & Mining* case, *supra,* relative to Oregon's emphasis on the unitary method of reporting as being most useful in the majority of cases.

■ The uniform act recognizes that a corporation engaged in multistate activities, unitary in nature, cannot neatly allocate its income from state to state in a completely defensible way. Variations in the facts among numerous businesses will present the taxpayers and the tax administrator with material for endless controversy. Variants in formulas, especially in the sales factor, may whipsaw the taxpayer. The uniform act clearly is designed to replace a variety of apportionment formulas (see Beaman, *supra,* ch 3) with the formula approved by the majority of the states because it recognizes the major factors (property, payroll, sales) which lead to taxable income through business activity. The uniform act gives priority to the use of a statutory formula as against segregated accounting. It does not preclude the possibility of the use of segregated accounting (with apportionment of overhead) but, in the opinion of the court, in the interest of uniformity, such use is to be exceptional.

While the pre-1965 law did not endorse either method, the new act does. Otherwise, the goal of uniformity would be quickly obscured. Therefore, the subject taxpayer must use the statutory formula in reporting income; if it believes it cannot do so, the burden to show the applicability of ORS 314.670 is upon it. Conversely, if the taxpayer follows ORS 314.615, and the department impeaches the method, the burden falls on the department to sustain its position.

In its second conclusion, the defendant has stated that "using the apportionment method of accounting would distant [sic] the income attributable to Oregon." This is taken to mean that the plaintiff, by utilizing ORS 314.615, will reduce the taxes payable to Oregon and increase the taxes payable to California for the years 1965 to 1967, inclusive. However, the conclusion begs the question. The question is, "What is the income attributable to Oregon?" The uniform act indicates that the determination of this question, except in the few special cases contemplated by ORS 314.670, cannot be made unless the three-factor formula as set out by the uniform act is utilized. The question is not by what method the State of Oregon can derive the greater amount of revenue. The state must make a determination, based upon the taxpayer's specific activities within the state's borders, and the relationship, if any, of these activities to similar activities in another state or states, as to whether the corporate activities are unitary, segregable, or a mixture of both. As the 1969 act is written, the state must assume that the activities of the taxpayer are unitary and must require a report using the three-factor formula. The burden then would fall upon the taxpayer to prove that conformance would misrepresent its business activity in the state.

The court finds that the plaintiff made timely ap-

plication to amend its returns. When challenged, it made a prima facie case showing that, in the years in question, it was a unitary business (a question of fact[①]), that it came within the general requirements of ORS 314.615 and that there was reason to conclude that segregated accounting ("direct allocation") would result in a disproportionate part of its income being taxed by Oregon. The defendant made no effort in court to rebut this evidence and it is presumed by the court to be the truth. ORS 44.370.

The defendant relied wholly on the *Utah Const. & Mining* decision but that case is easily distinguished. It interpreted a different statute (as the lower court carefully noted in 3 OTR 385, 386) and that court found as a fact that the taxpayer's activity in Oregon was segregable. ("Here, during the period involved, the plaintiff conducted one separate construction project in this state which was not related to its other construction projects elsewhere." 3 OTR 385, 393.)

Accordingly, the Department of Revenue's Order No. I-70-32 is set aside and the refund claims of the plaintiff for the years 1965, 1966 and 1967 are approved (the parties having stipulated that if the plaintiff is found to be conducting a unitary business for the years mentioned, the calculations set out in the refund claims are correct, only the interest payable being calculated anew).

---

[①] "Normally a determination as to the character of the ventures conducted by a corporation, that is, whether they were unitary or otherwise in nature, is a question of fact and not of law." Rossman, J., in *Hines Lumber Co. v. Galloway*, 175 Or 524, 538, 154 P2d 539 (1944).