Argued July 6, affirmed September 8, 1972

# DONALD M. DRAKE COMPANY, *Respondent, v.*
# DEPARTMENT OF REVENUE, *Appellant.*

### 500 P2d 1041

*Donald C. Seymour,* Assistant Attorney General, Salem, argued the cause for appellant.

*Lee A. Hansen,* Portland, argued the cause for respondent.

HOWELL, J.

The Department of Revenue appeals from a decree of the Tax Court which allowed plaintiff a corporate excise tax refund for each of the tax years 1965, 1966, and 1967.

The plaintiff is a general construction contractor with its principal office located in Portland. During the tax years involved, plaintiff worked on projects in Washington, California, and Oregon. For some time prior to and during 1965, 1966, and 1967 the plaintiff filed its Oregon corporate excise tax returns on the segregated basis. Under this method, the Oregon projects resulted in profits and the California projects in substantial losses. Also as a result of this method, the

plaintiff was required to pay taxes to Oregon on three to four times the income on which it paid taxes to the federal government. In 1967 the state of California required the plaintiff to compute its taxes on the apportionment basis. After this occurred, the plaintiff filed amended Oregon corporate excise tax returns for 1965, 1966, and 1967, using the apportionment method, which resulted in some refunds due plaintiff for each of the years.

The Department of Revenue denied the claims for refunds, contending that plaintiff was required to use the segregated method of reporting. On appeal, the Tax Court found plaintiff to be a unitary business, that plaintiff was entitled to use the apportionment method of computing its income for corporate excise tax purposes, and reversed the order of the Department of Revenue.

The defendant contends that this case is not distinguishable from and is controlled by the decision of this court and the Tax Court in *Utah Const. & Mining v. Tax Com.*, 255 Or 228, 465 P2d 712 (1970), 3 OTR 385 (1969).

The *Utah* case is distinguishable on two grounds: (1) the facts are substantially different, and (2) the applicable laws have been changed by the legislature since the decision in *Utah*.

In *Utah* the taxpayer was a Delaware corporation with its principal place of business in San Francisco. From 1952 until 1962, when it started construction of the Round Butte Dam on the Deschutes River, it had conducted no activity in Oregon. As pointed out in the Tax Court opinion, *Utah* conducted only one separate construction project in Oregon and it was not related at all to other construction projects

elsewhere. Its activity in Oregon was clearly segregable.

While we believe that the facts in *Utah* and in the case at bar are distinguishable, we prefer to base our decision on the same ground as found by the Tax Court—the statutory changes in the law enacted in 1965 require apportionment of income in this case.

During the tax years involved in *Utah,* ORS 314.280 was in effect and provided:

"Allocation of income and losses of corporation or nonresident individual from business within and without state. (1) If the gross income of a corporation or a nonresident individual is derived from business done both within and without the state, the determination of net income shall be based upon the business done within the state, *and the commission shall have power to permit or require either the segregated method of reporting or the apportionment method of reporting,* under rules and regulations adopted by the commission, *so as fairly and accurately to reflect the net income of the business done within the state."* (Emphasis supplied.)

As was pointed out, both in the Tax Court opinion and our decision in *Utah,* the statute above gave the Tax Commission authority to permit or require either the segregated or apportionment method of accounting as long as either method would "fairly and accurately * * * reflect the net income of the business done within the state." Neither method was endorsed.

In 1965 the legislature amended ORS 314.280 above and adopted the Uniform Division of Income for Tax Purposes Act, ORS 314.605 to 314.670. ORS 314.615 of the new Uniform Act now provides:

"314.615 When allocation of income from busi-

ness activity required. Any taxpayer having income from business activity which is taxable both within and without this state, other than activity as a financial organization or public utility or the rendering of purely personal services by an individual, *shall allocate and apportion his net income* as provided in ORS 314.605 to 314.675. Taxpayers engaged in activities as a financial organization or public utility shall report their income as provided in ORS 314.280 and 314.675." (Emphasis supplied.)

The defendant argues that apportionment is not mandatory under the above statute because the Uniform Act also contains the following provision, ORS 314.670.

"314.670 Additional methods to determine extent of business activity in this state. If the allocation and apportionment provisions of ORS 314.610 to 314.665 do not fairly represent the extent of the taxpayer's business activity in this state, the taxpayer may petition for and the department may permit, or the department may require, in respect to all or any part of the taxpayer's business activity, if reasonable:

"(1) Separate accounting;

"(2) The exclusion of any one or more of the factors;

"(3) The inclusion of one or more additional factors which will fairly represent the taxpayer's business activity in this state; or

"(4) The employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's income."

The defendant contends that ORS 314.670 gives it the same discretion to require either the segregated or the apportionment method of accounting as it had prior to the enactment of the Uniform Act.

■■ The defendant is incorrect. As the Tax Court pointed out in its opinion, apportionment under the Uniform Act is now the "prescribed" method. Beaman, "Paying Taxes to Other States" (1963). The apportionment method is now the general rule and any other system, including the segregated method, is the exception. Keesling & Warren, in an article entitled, "California's Uniform Division of Income for Tax Purposes Act (Part I)" 15 UCLA L Rev 156 (1967), aptly describe the reasons why the drafters of the Uniform Act included a provision such as ORS 314.670 above. They state, at pp 170-171:

> "It must be recognized, of course, that the Uniform Act does contain an express grant of discretion to the administrator to select allocation methods other than those prescribed. In the allocation of income, unusual situations, which should be excepted from the application of general rules, frequently arise. Such situations may be impossible to anticipate or difficult to describe with sufficient precision to permit drafting of a provision in the statute setting forth precisely the rules to be applied. Accordingly, it is common in allocation statutes to include a general relief provision authorizing the administrator to depart from the general rule if necessary to obtain fair or equitable results. In keeping with this practice, after specifying the general rules to be applied in the allocation of nonbusiness income and business income, respectively, the Act provides that if these rules do not result in a fair allocation then the taxpayer may petition, or the Franchise Tax Board may require, the following, if reasonable:

> "(a) Separate accounting;

> "(b) The exclusion of any one or more of the factors;

> "(c) The inclusion of one or more additional

factors which will fairly represent the taxpayer's business activity in this state; or

"(d) The employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's income."

The same authors articulated the interpretation to be given to the exceptions contained in ORS 314.670:

"The question arises whether the relief provisions should be interpreted broadly to permit the Board to use separate accounting or other methods extensively or whether they should be interpreted narrowly so as to permit the Board to deviate from the rules only in rare and unusual situations.

"There are completely compelling reasons for giving the relief provisions a narrow construction. Under a broad construction the purposes of obtaining uniformity through the adoption of the Uniform Act would be defeated. If a choice of methods is permitted, different administrators in different states inevitably will choose different methods. As a result, even if all the states imposing taxes on or measured by income should adopt the Uniform Act, the chaotic condition heretofore existing would continue to exist."

■ We agree with the conclusion of the Tax Court that the use of any method other than apportionment should be exceptional and the party—the taxpayer or the Department of Revenue—who seeks to invoke the applicability of ORS 314.670 has the burden of proof.

■ The defendant makes an additional argument that the Oregon law requires construction companies to use the segregated method. It clearly does not. ORS 314.615 states that taxpayers having income from business activity taxable both within and without the state shall apportion their net income. Exceptions are specifically granted to a "financial organization" and

a "public utility." If the legislature had intended construction companies to be included in the exceptions, it could easily have so provided.

The decree of the Tax Court is affirmed. No costs.