# IN THE OREGON TAX COURT

## ATLANTIC RICHFIELD COMPANY
*v.*
## DEPARTMENT OF REVENUE
(TC 2001)

Henry C. Breithaupt, Stoel, Rives, Boley, Fraser and Wyse, Portland, represented plaintiff.

Elizabeth S. Stockdale, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered July 9, 1984.

**SAMUEL B. STEWART, Judge.**

The plaintiff appealed defendant's Opinion and Order No. I 83-53, determining that intangible drilling costs (hereinafter IDCs) should be excluded from the calculation of the property apportionment factor used to determine the plaintiff's corporate excise tax. On March 24, 1984, the plaintiff moved for an order granting summary judgment in favor of the plaintiff on the grounds that there was no genuine issue as to any material fact. On April 13, 1984, the defendant moved for summary judgment in favor of the defendant on the same grounds.

■     ORS 314.604 to 314.670 is cited as the Uniform Division of Income for Tax Purposes Act (hereinafter UDITPA). The formula by which net income is distributed under UDITPA consists of the average of three factors representing the proportion of the taxpayer's entire business activity carried on in the taxing state. The three factors contained in the formula are a property factor, a payroll factor and a sales factor.

■     ORS 314.655, defining the property for purposes of apportionment of business income, states in relevant part:

"(1)   The property factor is a fraction, the numerator of which is the average value of the taxpayer's real and tangible personal property owned or rented and used in this state during the tax period and the denominator of which is the average value of all the taxpayer's real and tangible personal property owned or rented and used during the tax period.

"(2)   Property owned by the taxpayer is valued at its original cost."

ORS 314.815 grants authority to the Department of Revenue to adopt those rules that it considers necessary to enforce income tax laws. After the enactment of UDITPA, the Department of Revenue adopted rules implementing that Act (OAR 150-314.605 et seq.).

OAR 150-314.655(2)-(A) provides:

"Property owned by the taxpayer shall be valued at its original cost. As a general rule 'original cost' is deemed to be the basis of the property for federal income tax purposes (prior to any federal adjustments) at the time of acquisition by the taxpayer and adjusted by subsequent capital additions or

improvements thereto and partial disposition thereof, by reason of sale, exchange, abandonment, etc."

Treas Reg § 1.1012-1(a) (1957) provides that cost is "the amount paid for such property in cash or other property." The defendant alleged the adoption of federal unadjusted basis as the source of original cost data provides a readily ascertainable standard. The issue to be resolved is what expenditures are includable within this concept of "original cost."

The plaintiff contends that expenditures for IDCs are additions to or improvements of real or personal property associated with oil and gas exploration activities, therefore, IDCs must be reflected in the property factor under OAR 150-314.655(2)-(A).

The defendant contends that IDCs are not inherently capital in nature. IRC § 263(c) (1954), as implement by Treas Reg § 1.612-4 (1965), provides that IDCs may, at the taxpayer's option, be chargeable to capital or to expense. The plaintiff elected to "expense" IDCs. Treas Reg § 1.612-4(e) (1965) states that "[a]ny such option or election shall be binding upon the taxpayer for the first taxable year for which it is effective and for all subsequent taxable years."

The defendant alleges that plaintiff's election establishes the characterization of IDCs and that if a taxpayer elects to expense IDCs, the basis of the property is not affected by those costs.

The plaintiff alleges that the defendant's exclusion of IDCs in determining the property factor is unlawful. (Plaintiff's Complaint at 4.) The plaintiff contends that ORS 314.655(2) requires that property be valued at its original cost and that IDCs are costs incurred in the development of real or tangible personal property. The plaintiff alleges that neither the relevant statutes nor administrative regulations justify the exclusion of such costs on the basis of the method chosen by a taxpayer to recover those costs for federal income tax purposes.

Intangible drilling and development costs occupy a special tax category, offering an incentive to oil and gas prospecting and exploration. *Exxon Corp. v. United States,* 37 AFTR2d 76-730 (Ct Cl 1976). However, the court warned (at

76-736) that "care must be taken not to extend the obvious benefits of the IDC option beyond its intended boundaries, whether inadvertently or by verbal ingenuity."

■        IRC § 1016 (1954) contains the rules relating to the adjustments to be made to the basis of property. Treas Reg § 1.1016-2(a) (1957) states:

"The cost or other basis shall be properly adjusted for any expenditure, receipt, loss, or other item, properly chargeable to capital account, including the cost of improvements and betterments made to the property. No adjustment shall be made in respect of any item which, under any applicable provision of law or regulation, is treated as an item not properly chargeable to capital account but is allowable as a deduction in computing net or taxable income for the taxable year. For example, in the case of oil and gas wells no adjustment may be made in respect of any intangible drilling and development expense allowable as a deduction in computing net or taxable income. See the regulations under section 263(c)."

In the present case, the plaintiff's election to expense the IDCs determined the characterization of the IDCs. This election did not result in a federal adjustment to the original cost of plaintiff's property. Plaintiff's own election established "the basis of the property for federal income tax purposes (prior to any federal adjustments)" as required for determining the property factor in OAR 150-314.655(2)-(A).

The plaintiff contends that the defendant's redetermination of the property factor was unlawful because the defendant failed to comply with ORS 314.655(2). In view of the foregoing, this contention is based on a shaky foundation.

Plaintiff's second basis for alleging that the defendant's exclusion of IDCs was unlawful is that the defendant's action was inconsistent with Oregon law and regulations insofar as ORS 314.655 requires the average value of property to be reflected in the property factor and that the regulations require the consideration of the value of additions and improvements in order to properly reflect the value of the taxpayer's property.

ORS 314.655 defines the property factor as "the average value of the taxpayer's real and tangible personal

property" and gives direction to this definition by stating that "property owned by the taxpayer is valued at its original cost."

Relying on the Uniform Division of Income for Tax Purposes Act § 11, Commissioner's Note, 7A ULA 102 (1978), the defendant states:

> "Original cost was selected as a proxy for owned property value as a matter of convenience and consistency." (Defendant's Memorandum at 3.)

Exercising its general rule-making authority, the defendant provided that "as a general rule, 'original cost' is deemed to be the basis of the property for federal income tax purposes (prior to any federal adjustments)."

If defendant's interpretive rule is consistent with the legislative policy embodied in a statute, the rules should be upheld on judicial review. *Springfield Education Assn. v. School Dist.,* 290 Or 217, 621 P2d 547 (1980); *U. of O. Co-Oper. v. Dept. of Rev.,* 273 Or 539, 542 P2d 900 (1975).

In adopting UDITPA the legislature clearly stated that it should "be so construed as to effectuate its general purpose to make uniform the law of those states which enact it." ORS 314.605(2).

The primary goals of UDITPA are consistency and uniformity. The plaintiff presented no evidence that other states operating under UDITPA, except for Alaska, include IDCs in the property factor calculation. Therefore, the defendant's interpretation and application of its rule to IDCs is consistent with UDITPA's goal of uniformity and the expressed statutory purpose noted above.

Plaintiff's final allegation that defendant has abused the discretion granted it by ORS 314.670 will now be considered. This statute, as does the Uniform Act, grants discretion to the defendant to select allocation methods other than those prescribed in the Act if the apportionment provisions do not fully represent the extent of the taxpayer's business activity in this state. Allocation statutes commonly include a general relief provision to cover unusual situations where departure from the general rule may be necessary to obtain equitable results.

However, the Oregon Supreme Court agreed with this

court that "the use of any method other than apportionment should be exceptional and the party—the taxpayer or the Department of Revenue—who seeks to invoke the applicability of ORS 314.670 has the burden of proof." *Donald M. Drake Co. v. Dept. of Rev.,* 263 Or 26, 32, 500 P2d 1041, 1044 (1972).

The plaintiff made little effort to prove that a departure from the general rule was necessary in order to avoid inequitable results; therefore, plaintiff failed to bear the burden of proof and the court finds that the defendant did not abuse the discretion granted by ORS 314.670 in its failure to apply additional methods.

The Commissioners on Uniform Laws note that a property factor based upon "value" might possibly be more accurate than one based on "original cost." However, "original cost" was chosen for its practicality, consistency and uniformity. Uniform Division of Income for Tax Purposes Act § 11, Commissioner's Note, 7A ULA 102 (1978).

OAR 150-314.655(2)-(A) equates the statutory reference to "original cost" as the unadjusted federal tax basis. The court finds that this rule is a reasonable interpretation of the statutory provisions and is consistent with the legislative intent for uniformity in the apportionment of business income.

Plaintiff conceded that only one member of the Multistate Tax Commission, Alaska, includes IDCs in the computation of the property factor. The defendant's exclusion of IDCs, therefore, contributes to the goal of uniformity as espoused by UDITPA and by legislative intent as evidenced in ORS 314.605(2). Therefore, the defendant's motion for summary judgment is hereby granted, the defendant's Opinion and Order No. I 83-53 is affirmed, and plaintiff's motion for summary judgment is denied.