Argued and submitted March 8, affirmed May 2, reconsideration denied June 27, 1989

## PACIFIC COCA-COLA BOTTLING COMPANY,
*Appellant,*

*v.*

## DEPARTMENT OF REVENUE,
*Respondent.*

## COCA-COLA COMPANY,
*Appellant,*

*v.*

## DEPARTMENT OF REVENUE,
*Respondent.*

### (OTC 1994, 1995; SC S34924)

773 P2d 1290

Peter R. Jarvis, Portland, argued the cause for appellants. With him on the briefs were Milo E. Ormseth and Robert S. Wiggins, Portland.

Marilyn J. Harbur, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief was Dave Frohnmayer, Attorney General, Salem.

FADELEY, J.

## FADELEY, J.

In this appeal from the Oregon Tax Court, taxpayer (the parent Coca-Cola Company and its wholly owned subsidiary Pacific Coca-Cola Bottling Company which is now known as "Ore-Cal Coca-Cola Bottling Co.")[1] seeks a refund of $1,299,446.45 of corporate excise taxes paid to Oregon during the tax years 1967 through 1974. We affirm the Tax Court decision denying the refund.

In 1965, Oregon adopted the Uniform Division of Income for Tax Purposes Act (UDITPA), ORS 314.605 to 314.670. That act prescribes a method, not the tax. The method determines how much of the taxpayer's combined worldwide[2] income was allocable to its Oregon business activities.

There are three steps in arriving at the amount of taxpayer's combined income which is taxable by Oregon:

1. Determine what activities make up a unitary business;

2. Aggregate income from all components of the unitary business; and

3. Apportion the aggregate income among the states and countries where the business is taxable.

The third step—making the apportionment—produces a percentage that represents the portion of the unitary business activities conducted in Oregon. That percentage is applied to the total unitary income to determine the portion of that income which is subject to Oregon corporate excise tax. In 1967, this percentage was about 1 percent; in 1974, it was about one-half of 1 percent.

At issue between the Department of Revenue

---

[1] Coca-Cola Company and its wholly owned subsidiary are a single unitary business taxpayer, even though separately denominated in the two cases consolidated on appeal. Taxpayer made no request to review the department's unitary business determination for the tax years involved. *See Coca Cola Co. v. Dept. of Rev.,* 271 Or 517, 533 P2d 788 (1975), (holding that the two corporate entities were a single unitary business during certain tax years).

[2] In 1984 the Oregon legislature amended the corporate excise tax provisions to replace combined worldwide reporting with the consolidated domestic version for determination of income subject to tax. Or Laws 1984 (Special Session), ch 1, §§ 1-7.

(department) and taxpayer is whether the department determined the proper percentage of income which should be apportioned to Oregon. We affirm the Tax Court, which affirmed the percentage the department calculated to apportion income.

The department followed the three-factor formula in ORS 314.650 to determine that percentage. That statute provides:

"All business income shall be apportioned to this state by multiplying the income by a fraction, the numerator of which is the property factor plus the payroll factor plus the sales factor, and the denominator of which is three."

The potential escape from the statutory formula, as it existed during the tax years involved, provided:

"If the allocation and apportionment provisions of ORS 314.610 to 314.665 do not fairly represent the extent of the taxpayer's business activity in this state, the taxpayer may petition for and the department may permit, or the department may require, in respect to all or any part of the taxpayer's activity, if reasonable:

"(1) Separate accounting;

"(2) The exclusion of any one or more of the factors;

"(3) The inclusion of one or more additional factors which will fairly represent the taxpayer's business activity in this state; or

"(4) The employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's income." ORS 314.670 (*amended by* Or Laws 1984 (Special Session), ch 1, § 17).

Taxpayer contends that the prescribed statutory methods "do not fairly represent the extent of taxpayer's business activity in this state." The burden of proof is on the taxpayer seeking to use an alternative to the statutory formula. ORS 305.427; *see also Twentieth Century-Fox Film v. Dept. of Rev.*, 299 Or 220, 225, 700 P2d 1035 (1985); *Donald M. Drake Co. v. Dept. of Rev.*, 263 Or 26, 32, 500 P2d 1041 (1972).

■ Taxpayer makes no claim that its independently owned franchises should be declared to be a part of the unitary business for purposes of allocation of income to be taxed in Oregon. Taxpayer does, however, argue that property owned

by and sales made by the independently owned franchises should be used to develop a substitute percentage different from the percentage produced when the sales and property of the independent franchises are not included in the statutory formula.[3]

Taxpayer does not present any specific alternative formula but contends that failure to include sales and property values of the independently owned franchises makes the allocation of income unfair. Taxpayer relies on *Twentieth Century-Fox Film v. Dept. of Rev., supra,* wherein the department demonstrated and we held that the statutory formula did not fairly represent a film-maker's business activity in Oregon. Our holding was based on the proposition that the taxpayer's principal sources of sales income and its most valuable property assets were the master negatives of its films, located in another state, from which it printed copies for distribution to theaters in Oregon. 299 Or at 234. The court also implied that the department's burden of showing that the factors of the statutory formula "do not fairly represent" in-state business activity was more easily carried because the film maker was not a manufacturing or merchandising industry. 299 Or at 228.

The film-maker produced and stored its master negatives in another state. It had no payroll or significant property in Oregon. 299 Or at 234-35. The local sales factor would be its charges for film prints distributed to theaters in Oregon. Thus two of the statutory factors would have no application or weight. No such anomaly is presented in this case. The *Twentieth Century-Fox Film* exception, supporting an alternative formula, does not fit this case because film-making is not similar to taxpayer's business. But legal principles decided there apply to this case.

---

[3] In short, taxpayer wants to have it both ways, seeking to include the independently owned franchises' property and sales in a formula to develop the percentage of income apportioned to Oregon, while excluding the income produced from that property and those sales in determining the dollar amount of income to be taxed. Some of these franchises or related businesses may be foreign corporations and subsidiaries. Others may have no business nexus with Oregon except for their relationship to Coca-Cola Company which itself does business in Oregon. For a discussion of some federal constitutional problems with taxing income not related in some way to the taxing state, see *Container Corp. v. Franchise Tax Board,* 463 US 159, 164-66, 103 S Ct 2933, 77 L Ed 2d 545 (1983).

In *Twentieth Century-Fox Film,* this court held that a taxpayer challenging the statutory three-part formula had the burden of proving both (1) that the three-part formula does not fairly represent the extent of the taxpayer's business activity in the state and (2) that the contesting party's "alternative method of allocating income is 'reasonable.' " 299 Or at 233. This court analyzed the second burden—reasonableness of the alternative method—by dividing "reasonableness" into three components. 299 Or at 233-34.

The bifurcating procedure employed by the department and the taxpayer in the trial of this case prevents us from deciding whether any undisclosed alternative method is reasonable. The parties agreed to split the case in two; only the question whether the statutory formula "fairly represents" Oregon business activities was presented, not the question whether an alternative formula was reasonable. Unlike Solomon's announced decision to split the baby to foster disclosure of facts upon which to rest a decision, the agreement by the taxpayer and the department to split the two tests mandated by this court in *Twentieth Century-Fox Film* obscures facts needed for an informed decision about the reasonableness of an alternative method. The chosen procedure also obscures the connection, if any, between evidence in the record and the contention that the statutory formula does not fairly represent the business activity of the taxpayer in Oregon.

■      Taxpayer also argues that it is unlike most businesses in that the positive public reaction to its trademark, resulting from huge expenditures over a long period of time, is the major asset upon which both the parent company and its business-related affiliates, whether wholly owned or independently owned, ultimately depend for economic success. No reasoned argument has been made to demonstrate that this fact causes the three-factor statutory formula to unfairly allocate and apportion taxpayer's income among taxing jurisdictions in general or to Oregon specifically. There is no showing that taxpayer's trademark value is not equally effective at the site of any of the business-related companies. This trademark helps create the sales income generated by purchases of trademarked products in Oregon. No value created only in Atlanta, Georgia, the parent company's home office, is transferred to Albany, Oregon, when a customer buys taxpayer's beverage

here. So also if the locales compared are Paris and Pendleton or Moscow and Molalla. The sales factor gives even-handed distribution to the achievement of making a sale to a customer. The fact that an accountant can assign value to the trademark activity or develop a different formula for apportioning income among the various taxing states and countries does not prove that the statutory formula unfairly apportions a share of that income to Oregon.[4]

In *Donald M. Drake Co. v. Dept. of Rev., supra,* a construction company claimed that its method of business was so exceptional that the statutory formula did not fairly represent an allocation of its business income. This court held that a claim of exceptional business methods by itself was insufficient to escape the statutory formula since the legislature had listed certain classes of exceptional businesses, but had not included the construction industry when it easily could have done so. *Donald M. Drake Co., supra,* 263 Or at 32-33. Nor did the legislature include among the statutory exceptions businesses like that of taxpayer here.

We conclude that the taxpayer failed to carry its burden to show that the statutory formula does not fairly represent an allocation of its income based on its business activities in Oregon. The application of the statutory formula and the percentages of income apportioned to Oregon as assessed by the department are proper.

The decision of the Oregon Tax Court is affirmed.

---

[4] Taxpayer's witnesses and exhibits at trial described hypothetically at least three different abstract formulas for allocating income based on business activity. These abstract formulas attach various suggested weight, scope or significance to the three statutory factors. No concrete completed formula was articulated to the Tax Court. Taxpayer's assignments of error related to these hypothetical formulas are without merit.