IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
June 2, 2015 Session

**VODAFONE AMERICAS HOLDINGS, INC. & SUBSIDIARIES v.
RICHARD H. ROBERTS, COMMISSIONER OF REVENUE,
STATE OF TENNESSEE**

**Appeal by Permission from the Court of Appeals, Middle Section
Chancery Court for Davidson County
No. 071860-IV     Russell T. Perkins, Judge**

**No. M2013-00947-SC-R11-CV – FILED MARCH 23, 2016**

JEFFREY S. BIVINS, J., concurring in part and dissenting in part.

I agree with much of the analysis in the majority opinion. Indeed, although in my mind it presents a close question, I can agree with the majority that the taxpayer's calculation of franchise and excise taxes under the statutory apportionment formula does not "fairly represent the extent of the taxpayer's business activity" in Tennessee. See Tenn. Code Ann. § 67-4-2014(a) (2015). However, where I must part company with the majority is on the issue of the Commissioner's compliance with the Tennessee Department of Revenue's ("Department") own regulation applicable in this case. See Tenn. Comp. R. & Regs. 1320-06-01-.35(1)(a)(4) ("the variance regulation").

I begin with the critical premise that "[t]he standard statutory apportionment formula is presumed to be correct, and the party seeking to employ an alternate method has the burden of showing that the statutory method is inappropriate." Am. Tel. & Tel. Co. v. Huddleston, 880 S.W.2d 682, 691 (Tenn. Ct. App. 1994) (hereinafter "AT&T") (citing Donald M. Drake Co. v. Dep't of Revenue, 500 P.2d 1041, 1043-44 (Or. 1972); Donovan Constr. Co. v. Mich., Dep't of Treasury, Revenue Div., 337 N.W.2d 297, 300 (Mich. Ct. App. 1983)). Moreover, the variance provision "is to be interpreted narrowly in order to carry out the purpose of uniform apportionment under the act." Id. at 691-92 (citing Donald M. Drake Co., 500 P.2d at 1044). Indeed, "[t]here is a strong presumption in favor of the normal apportionment formula and against the applicability of the relief

-1-

provision." Id. at 692 (citing Roger Dean Enters., Inc. v. State, Dep't of Revenue, 387 So. 2d 358, 363 (Fla. 1980)).[1]

With these principles in mind, I note importantly that the Commissioner's variance letter makes no attempt whatsoever to demonstrate his compliance with the variance regulation. In fact, the letter is devoid of even a mention of the variance regulation.

Moreover, the majority states the following in its opinion:

We agree with the Commissioner that the subject variance is applied in a "limited and specific" case. In its argument, Vodafone catastrophizes that the Commissioner will impose similar variances on the entire telecommunication industry, effectuating industry-wide change in tax policy. As pointed out by the trial court below, however, this is sheer speculation. There is no evidence in the record of other similar variances, or even of whether other multistate telecommunications corporations share the characteristics that motivated the Commissioner to impose a variance on Vodafone. Moreover, as discussed below, the franchise and excise tax statutes have been amended to address this type of situation. Vodafone's argument is without any basis in the record before us.

This approach incorrectly places the burden of proof upon the taxpayer. The Commissioner is imposing the variance. This is not a case in which the taxpayer is seeking the variance.

Additionally, as the majority correctly points out, the Department did not adopt the model regulation in its entirety. Whereas the Multistate Tax Commission's model regulation allows the variance authority to extend to industry-wide exceptions to the statutory apportionment provisions, Tennessee did not adopt this provision. See Multistate Tax Comm'n Allocation and Apportionment Regs., Reg. IV. 18(a); Tenn. Comp. R. & Regs. 1320-06-01-.35(1)(a)(4). The Commissioner should not be able to ignore his own regulation that is intentionally more limited than the model regulation. While I certainly realize that the variance imposed upon Vodafone in this case technically applies only to Vodafone, to deny that the imposition of this variance on this taxpayer in this industry is tantamount to imposing an industry-wide variance is to leave our common

---

[1] The majority claims that AT&T "is not helpful in deciding this appeal." For support of this proposition, the majority notes that AT&T is factually different from the instant case in that AT&T involved a request from the taxpayer to require the Commissioner to grant a variance, as opposed to the Commissioner's imposing a variance at his initiative here. Indeed, that case is factually different. However, the same legal principles set forth above should apply to the Commissioner in this case, just as they applied to the taxpayer in AT&T.

sense at the door.  See State ex rel. Maner v. Leech, 588 S.W.2d 534, 540 (Tenn. 1979) ("[S]tatutes must be construed with the saving grace of common sense." (internal quotation marks omitted)).[2]

Finally, the variance regulation provides, "[Tennessee Code Annotated sections 67-4-2014 and 67-4-2112] may be invoked only in specific cases where unusual fact situations (which ordinarily will be unique and nonrecurring) produce incongruous results under the apportionment and allocation provisions contained in the Franchise and Excise Tax Laws." Tenn. Comp. R. & Regs. 1320-06-01-.35(1)(a)(4).  The majority spends very little time addressing the important issue of whether the Commissioner's variance in this case extends beyond his limits to issue variances "only in specific cases where unusual fact situations (which ordinarily will be unique and nonrecurring) produce incongruous results." Id.  Rather, the majority relies heavily on the term "ordinarily" as effectively a blanket extension of the Commissioner's variance authority.  Given that the industry-wide language was not adopted in Tennessee, the "unusual fact situations" language of the regulation then should require the Commissioner, as the party with the burden of proof, to demonstrate that this was not an industry-wide practice.  See id.; AT&T, 880 S.W.2d at 691.

While this case might present a situation that is "ordinarily . . . nonrecurring," there is no basis to demonstrate why there should be an exception to the requirement that it be "ordinarily . . . unique." See Tenn. Comp. R. & Regs. 1320-06-01-.35(1)(a)(4). Once again, the Commissioner did not even attempt to satisfy this requirement in his variance letter.  Also, on multiple occasions at oral argument, counsel for the Commissioner was asked what facts in this case satisfied the variance requirement that this situation is "unique."  At no point did counsel answer the questions other than to take the position, in essence, that "unique" under the variance is not the same as the general use of the word "unique."  Yet, he offered no other working definition of the word.  See State v. Flemming, 19 S.W.3d 195, 197 (Tenn. 2000) ("We determine legislative intent from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." (citing State v. Butler, 980 S.W.2d 359, 362 (Tenn. 1998))).  Given this situation, I simply cannot agree with the majority's conclusory determination that this case presents an exception to the "ordinarily . . . unique" requirement of the variance

_____

[2]      "Generally, rules and regulations promulgated pursuant to statutory directive and not inconsistent with such statutes have the force of law." Kogan v. Tenn. Bd. of Dentistry, No. M2003-00291-COA-R3-CV, 2003 WL 23093863, at *5 (Tenn. Ct. App. Dec. 30, 2003) (citing Houck v. Minton, 212 S.W.2d 891 (Tenn. 1948); Parkridge Hosp., Inc. v. Califano, 625 F.2d 719 (6th Cir. 1980)).

regulation because the Commissioner has provided no factual basis to support such a conclusion.

I certainly recognize the unfairness that would occur if, in fact, portions of Vodafone's Tennessee revenue were to become "phantom" income that would go untaxed in any state. I also clearly recognize that Vodafone is wearing no white hat in this case. I am loath to conclude that Tennessee may not be able to tax proceeds appropriately that may "fairly represent the extent of the taxpayer's business activity" in Tennessee. Tenn. Code Ann. § 67-4-2014(a). However, I will not agree to a "forced" interpretation of the variance regulation to avoid this result. See Flemming, 19 S.W.3d at 197. In short, I cannot conclude that the Commissioner has carried his burden or that the regulation allows the result reached by the majority. For these reasons, I respectfully dissent.

_____
JEFFREY S. BIVINS, JUSTICE