Argued March 30, affirmed April 15, 1964

ZALE-SALEM, INC. *v.* STATE TAX COMMISSION
ZALE-PORTLAND, INC. *v.* STATE TAX
COMMISSION
391 P. 2d 601

*George W. Mead,* Portland, argued the cause and filed briefs for appellants.

*Gerald · F. Bartz,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Robert Y. Thornton, Attorney General and Alfred B. Thomas, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, DENECKE and LUSK, Justices.

## SLOAN, J.

The defendants, as the State Tax Commission, ordered the two plaintiff corporations to file tax returns for tax years ending in March of 1959 and 1960 on an apportionment basis as provided by ORS 314.280. Each of the plaintiff corporations filed an action in the circuit court for Marion county to challenge the commission's order. The trial court sustained the commission. Plaintiffs appeal. The cases were consolidated for trial and appeal.

Each plaintiff is a separate corporation. Each is a wholly owned subsidiary of Zale Jewelry Company, a Texas corporation. Each plaintiff owns and operates a retail jewelry store. Each store was acquired by the parent company by purchase. The Portland store had been a corporate business and it was acquired by purchase of all of the capital stock. The name of the corporation was changed to Zale-Portland, Inc. The Salem store had been an unincorporated business. After the parent company purchased the Salem store it was incorporated as Zale-Salem, Inc. The parent company now operates more than 200 stores located in several states. Nearly all of these are operated in the form of a separate corporation. The problem

presented by the cases is primarily a factual one. Are the plaintiffs' businesses wholly segregated in character and derive income from Oregon activities only or are they part of an integrated, unified business and derive income from both within and without the state? And, if they are part of an integrated business is it unfair and arbitrary for the commission to apply a three-factor formula to determine taxable income in Oregon as permitted by ORS 314.280 and the pertinent commission's regulations?

The officers and directors of each corporation in Oregon and elsewhere, are the same as those of the parent company. The parent company provides both buying and manufacture for all of the stores. It provides management, accounting, advertising, legal and other services. The parent company exercises strict accounting and management control and supervision. All paychecks and every other disbursement, except for a limited petty cash account, are made by the parent company. It hires, trains and, presumably, fires all personnel. The manager of each corporation is required to submit a daily accounting to the parent company. All money received by each plaintiff, and the other satellite corporations, is deposited in a local bank but can only be withdrawn by officers of the parent company. The financing and management of all installment contracts is by the parent company. It appears that each store, or corporation, is as fully controlled, if not more so, by the parent company as would be true of any chain store business. Indeed, were it not for the existence of a separate corporate entity for each store there would be no question at all that this is an integrated business, about as fully so as it is possible to be. It is, therefore, necessary to decide if the existence of a corporate shell precludes

the commission from requiring the use of an apportionment formula.

We think our decision in this case should be governed by *Edison California Stores v. McColgan*, 1947, 30 Cal2d 472, 183 P2d 16. The facts in the *Edison* case are so similar and the opinion of the court so exhaustive that it is unnecessary to repeat what the California court said. The same is substantially true of the opinion of the same court in *Butler Bros. v. McColgan*, 1941, 17 Cal2d 664, 111 P2d 334, and in the opinion of the Federal Supreme Court, in the *Butler* case, at 315 US 501, 62 S Ct 701, 86 L Ed 991 (1942). In order to sustain the plaintiffs' arguments in the instant case we would be obliged to say that all of the cited opinions are wrong.

Plaintiffs attempt to circumvent the *Edison* case by asserting that a section of the California statute there involved permitted the California tax commission to require consolidated returns of two or more corporations owned or controlled by the same interests. The opinion in *Edison* at 183 P2d 21, specifically disclaims the argument. It says:

"* * * Power to apply the formula allocation in this or in the Butler Brothers case is not derived from the authority to require the filing of consolidated returns, since the latter indicates that the income of the group will be taxed as a unit. The power flows from the authorized method of ascertaining the income attributable to a taxpayer's activities within the state; and by a parity of reasoning the authority to pursue the method is present whenever activities are partially within and partially without the State (section 10), as in the case of a unitary system, whether the integral parts of the system are or are not separately incorporated; * * *."

We have examined the text of the pertinent California statute (Section 10 in the quotation above) and find that it says the same thing as ORS 314.280 only with different words.

Also in 183 P2d at page 21, the court adopts this test to find whether or not the over-all business is unitary: "If the operation of the portion of the business done within the state is dependent upon or contributes to the operation of the business without the state, the operations are unitary; otherwise, if there is no such dependency, the business within the state may be considered to be separate." By this test it would require that we ignore the evidence to permit a finding that plaintiffs are not dependent upon the parent corporation.

■ Plaintiffs have not met the burden of showing by clear and cogent evidence that the formula applied "* * * results in extra-territorial value being taxed." *Butler Bros. v. McColgan,* supra, 315 US 507; *Consolidated Freightways v. Tax Com.,* 1962, 230 Or 522, 370 P2d 224.

Affirmed.