Argued September 9, affirmed November 5, 1974

# SPERRY AND HUTCHINSON COMPANY,
*Respondent and Cross-Appellant, v.* DEPARTMENT
OF REVENUE, *Appellant.*

527 P2d 729

*Theodore W. deLooze,* Chief Tax Counsel, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and Walter J. Apley, Assistant Attorney General, Salem.

*Donald H. Burnett* of Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland, argued the cause and filed a brief for respondent and cross-appellant.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL and SLOPER, Justices.

O'CONNELL, C. J.

This is an appeal under ORS 305.425 from a decree of the Oregon Tax Court. *Sperry & Hutchinson Co. v. Dept. of Rev.,* 5 OTR Adv Sh 301 (1973). The question presented is whether income received by plaintiff in the tax years 1961, 1963, 1964 and 1965 as interest on investment securities is apportionable in part to Oregon.

The Sperry & Hutchinson Company (S & H) is incorporated in New Jersey, domiciled in New York, and does business in 48 states including Oregon. S & H's primary business and the only business conducted in Oregon is the sale of a trading stamp promotional service to retailers. During the years in question this enterprise produced substantial revenues, a large part of which S & H invested in fixed income securities. Plaintiff's investment portfolio is divided into three categories: short-term[1] securities held pending use of the funds in the green stamp business; short-term securities held pending acquisition of other companies or favorable developments in the long-term money market, and long-term securities held as an investment.[2] Plaintiff reported the interest received on all three categories as allocable to its domicile rather than apportionable to all states in which it does business. The Department of Revenue held all of the interest to be apportionable,[3] and imposed an additional corporate excise tax for the years in question.

Plaintiff appealed to the Tax Court which held that the interest on the long-term and short-term securities held for investment was not apportionable, but that the interest on short-term securities used in the stamp business was apportionable. The Department of Revenue appeals from the first holding and S & H cross-appeals from the second. We affirm the Tax Court on both the appeal and cross-appeal.

■ The income from S & H's long-term investments are not apportionable to Oregon because neither the

---

[1] Securities bearing a maturity of less than 12 months.

[2] The opinion of the Tax Court contains an excellent and more detailed discussion of the facts briefly set out here.

[3] Department of Revenue Order No. I-71-19.

capital invested nor the income derived therefrom are a part of the trading stamp business conducted in this state. This is equally true both under the current Uniform Division of Income for Tax Purposes Act (ORS 314.605 to 314.670) which became effective beginning 1965 and under the pre-existing statute (ORS 314.-280).[4] Both statutes impose a tax on an interstate corporation only as to income attributable to Oregon and do so through minor variations on the concept of "unitary business." We hold that because S & H's long-term investment income was neither "closely connected or necessary"[5] under the old statute, nor "income arising from transactions * * * in the regular course of taxpayer's" trading stamp business under the new statute,[6] the interest is not apportionable. The Department of Revenue seeks to avoid this conclusion by emphasizing that liquidation of the trading stamp enterprise would require S & H to use its long-term investment to redeem all outstanding stamps. Although this may be true, as a factual matter S & H did not draw on this portion of its investment to satisfy its stamp obligations and there is nothing in the record to indicate it shall ever be required to do so.

■ The short-term securities held pending favorable developments in the long-term money market or acquisition of other businesses are in precisely the same position as the long-term investments. They are not a part of the stamp business and, therefore, not apportionable to Oregon.

■ The short-term securities held to satisfy the needs for liquid capital in the stamp business are ap-

---

[4] Oregon Laws 1963, ch 319, § 1.
[5] Reg. 314.280 (1)-(B) under former ORS 314.280.
[6] ORS 314.610 (1).

portionable. These securities are purchased during periods of cash flow surplus and are liquidated when the proceeds, both interest and capital, are needed to meet business obligations during periods of cash flow deficit. Thus, this is business income "arising from transactions and activity in the regular course of the taxpayer's trade or business"[7] and is part of S & H's unitary business.[8]

S & H argues that because this income is the return on an intangible it must be allocated to the legal situs. Nothing in our former law requires such an arbitrary result and our current law expressly prohibits it.[9]

As decreed by the Tax Court, the case must be remanded to the defendant to redetermine the

[7] ORS 314.610 (1).

[8] ORS 314.280; Reg. 314.280 (1)-(B).

[9] ORS 314.610 provides:

"(1) 'Business income' means income arising from transactions and activity in the regular course of the taxpayer's trade or business and includes income from tangible and intangible property if the acquisition, the management, use or rental, and the disposition of the property constitute integral parts of the taxpayer's regular trade or business operations.

"* * * * *

"(5) 'Nonbusiness income' means all income other than business income."

ORS 314.625 is fully consistent with this result.

"314.625. Rents and royalties from real or tangible personal property, capital gains, interest, dividends, or patent or copyright royalties, *to the extent that they constitute nonbusiness income,* shall be allocated as provided in ORS 314.630 to 314.645." (Emphasis added.)

S & H also contends that California has reached the opposite conclusion in interpreting its similar law. This is incorrect. The California decisions holding interest income must be allocated are expressly based on a statute unique to that jurisdiction. Fibreboard Paper Products Corp. v. Franchise Tax Bd., 268 Cal App2d 363, 370, 74 Cal Rptr 46 (1968).

amount of corporate excise tax and interest due the state of Oregon by excluding from plaintiff's apportionable income the interest received on long-term investments and such of plaintiff's short-term holdings as it can show were not used in or held for use in its trading stamp business.

Affirmed.