### No. 79SA253

**The Joslin Dry Goods Company, a Colorado corporation v. Joseph Dolan, Executive Director of the Department of Revenue, State of Colorado**

(615 P.2d 16)

Decided August 5, 1980.    Opinion modified and as modified rehearing denied August 25, 1980.

Ivins, Phillips, & Barker, Eric R. Fox; Grant, McHendrie, Haines and Crouse, P.C.; Pred & Miller, P.C., David A. Bottger, for plaintiff-appellee.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Chris J. Eliopulos, Special Assistant Attorney General, General Legal Services Section, for defendant-appellant

William D. Dexter, General Counsel, for amicus curiae, Multistate Tax Commission.

Jay T. Schmelter, for amici curiae, Committee on State Taxation and The Colorado Association of Commerce and Industry.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

The Colorado Department of Revenue (department) appeals from an order of the Denver District Court granting the motion for summary judgment made by the Joslin Dry Goods Company (Joslin). We reverse the judgment of the district court.

Joslin is a Colorado corporation which operates a number of department stores in Colorado. During the tax years in issue, 1971 through 1974, it was a wholly-owned subsidiary of Mercantile Stores Co., Inc., (Mercantile), a Delaware corporation primarily engaged in the operation of full-line retail department stores and the holding of stock in other corporations engaged in the operation of retail department stores.

During the tax years in issue, Joslin filed its Colorado corporate income tax returns on a separate accounting basis.[1] On January 14, 1976, the department issued a Notice of Deficiency, assessing $125,452.09 in additional taxes and interest for those years.

In order to determine Joslin's taxable corporate income from sources in Colorado, the department employed a combined accounting report based upon the unitary operation of Joslin with Mercantile. Joslin's corporate tax for the years in issue was then determined by a three-factor formula method of allocation and apportionment of taxable income based upon the combined audit report.[2]

Following an administrative hearing before the deputy director of the department on December 15, 1976, a Final Determination was issued, upholding the assessment. The department concluded that Joslin was part of a unitary business, that the use of the separate accounting method of reporting by Joslin was inadequate since it did not properly reflect income

---

[1] A "separate accounting" is a segregation of the business income attributable to a state by a separation on the books of the sales, costs, and expenses resulting from business done within the state. G. Altman and F. Keesling, *Allocation of Income in State Taxation,* (1st ed. 1946) at p. 37.
[2] The three-factor formula based on property, payroll, and sales is contained in Article IV of the Multistate Tax Compact, section 24-60-1301, C.R.S. 1973.

from sources within Colorado, and that the only way such income could be properly determined was through combined reporting.

Joslin appealed the Final Determination, contending that the department's recomputation of its taxable Colorado income by a "combined report" constituted distribution or allocation of gross income and deductions among affiliated corporations under section 39-22-303(5), C.R.S. 1973, but that the department had failed to show that such action was necessary "in order to prevent evasion of taxes,"[3] as required by the statute. The district court agreed, holding that the action of the department "falls squarely within the ambit of section 39-22-303(5), C.R.S. 1973," but that the department, by its own admission, had neither alleged nor shown that such action was necessary to prevent tax evasion.

■ In reviewing this case, we note that in its Final Determination the department found that Joslin was a part of a unitary business. The recognized test for a unitary business is "whether or not the operation of the portion of the business within the state is dependent upon or contributory to the operation of the business outside the state." G. Altman and F. Keesling, *supra,* fn. 1. *Accord, Edison California Stores v. McColgan,* 30 Cal. 2d 472, 183 P.2d 16 (1947). In its brief, Joslin stated that the correctness of the department's factual determination — that Joslin is a part of a unitary business — is not an issue before this court. We assume the correctness of this finding by the department.[4]

■ This court has recognized the validity of the unitary concept and has held that, in apportioning net income of a unitary business between the states, "a method of allocation is valid if it is fairly calculated to assign to a state that portion of the net income 'reasonably attributable' to the business transacted in that state." *UPRR v. Heckers,* 181 Colo. 374, 509 P.2d 1255 (1973). Joslin does not challenge the reasonableness of the department's method of computing the deficiency assessment.[5]

The sole issue in the case is whether the department can require Joslin to file a combined report[6] in light of the language found in section 39-22-303(5). That section states:

"In case of two or more corporations, whether domestic or foreign, owned or controlled directly or indirectly by the same interests, the executive director may distribute or allocate the gross income and deductions between or among such corporations or may require returns on a consolidated

---

[3] This phrase was deleted in 1979. *See* Colo. Sess. Laws 1979, ch. 373, 39-22-303(6) at 1445.

[4] In its amended order on Joslin's motion for summary judgment, the district court stated that it could find no genuine issue of material fact.

[5] Joslin also waived any challenge to the constitutionality of the unitary business concept, of combined reporting, or of the allocation formula used by the department; and to the power of the department to apply the unitary business concept to a single, unaffiliated corporation.

[6] A combined reporting system is alternatively referred to by the courts and the commentators as "formula allocation method" and "unitary apportionment method."

basis, if deemed necessary, in order to prevent evasion of taxes and to clearly reflect income."

■ The department asserts that the dual criteria — evasion of taxes and clear reflection of income — found in section 39-22-303(5) do not control the department's authority to require a combined report since the combined report is "only a device to ascertain the income attributable to the [in-state] business activity of the taxpaying corporation." *Caterpillar Tractor Co. v. Lenckos,* 77 Ill. App.3d 90, 395 N.E.2d 1167 (1979). We recognize that a combined report is distinct from the "consolidated return" referred to in the statute. *See* Keesling, "A Current Look at the Combined Report and Uniformity in Allocation Practices," 42 *J. of Taxation* 106 (Feb. 1975); G. Altman and F. Keesling, *supra*; Rudolph, "State Taxation of Interstate Business: The Unitary Business Concept and Affiliated Corporate Groups," 25 *Tax. L. Rev.* 171 (1970); Keesling & Warren, "The Unitary Concept in the Allocation of Income," 12 *Hastings, L. J.* 42 (1960).

■ Section 39-22-303(5) provides that the department may distribute or allocate income and deductions, or may require returns on a consolidated basis. We conclude that it is that statutory provision for distribution and allocation of income and deductions which authorizes the department to require combined reports since a combined report does allocate or apportion income. *See* Keesling, *supra; Coca Cola Company v. Department of Revenue,* 271 Or. 517, 533 P.2d 788 (1975).

The law in other jurisdictions which have addressed this issue is clear — the power of the taxing authority to require a combined report is independent of the power to require a consolidated return.

The leading case in this area is *Edison California Stores v. McColgan, supra.* In that case, the court interpreted statutory language which was almost identical to the Colorado statute at issue here.

The plaintiff in *Edison California Stores* argued that the statute did not authorize the tax commissioner to apply the formula allocation method (combined reporting) to a California corporation, and even if the commissioner had the authority, application of the method was arbitrary and unreasonable since there was no issue of tax evasion.

The California court held that the authority to apply the formula allocation method
". . . *is not derived from the authority to require the filing of consolidated returns,* since the latter indicates that the income of the group will be taxed as a unit. *The power flows from the authorized method of ascertaining the income attributable to a taxpayer's activities within the state*; and by a parity of reasoning the authority to pursue the method is present whenever activities are partially within and partially without the state . . . ." *Edison California Stores, supra.* (Emphasis added.)

*Accord Zale-Salem, Inc. v. Tax Commission,* 237 Or. 261, 391 P.2d 601 (1964). *See* Keesling & Warren, *supra.* The California court also held that "[t]ax evasion is not a factor which *must* be present before the formula allocation method may be employed." (Emphasis added.)

In *Caterpillar Tractor Co., supra,* Caterpillar argued that *Edison California Stores* was not controlling since Illinois had an express ban on consolidated returns in the reporting of Illinois corporate income tax. The Illinois court held that such a ban was "irrelevant to a determination of whether the unitary method of apportionment is to be used in Illinois," relying on the California court's determination that "the power [to require combined reporting] was not dependent on the power to require consolidated returns." *Caterpillar Tractor Co., supra.*

In support of its position, Joslin relies on the holding in *Interstate Finance Corp. v. Wisconsin Dept. of Tax.,* 28 Wis.2d 262, 137 N.W.2d 38 (1965). In that case, the Wisconsin Supreme Court refused to follow *Edison California Stores* because it found that the Wisconsin statutes did not authorize the department to require a consolidated return. The court found that difference "significant and controlling."

▮ We do not find the reasoning in *Interstate Finance Corp.* persuasive. As the California court held, the power to require combined reports is not based upon the authority to require consolidated returns.[7]

Joslin contends that, even if section 39-22-303(5) authorizes combined reports, the department may only require such a report after making a showing that one is necessary in order to both prevent tax evasion and reflect income. We do not agree. *See Edison California Stores, supra.*

As we construe section 39-22-303(5), the legislature provided separate methods which the department is authorized to employ in order to carry out the legislative intent to "tax all the income that Colorado can constitutionally tax," *Coors v. Colorado,* 183 Colo. 325, 517 P.2d 838 (1973), by taxing "the net income of every corporation derived from sources within this state." *Gen'l Motors v. Colo.,* 181 Colo. 360, 509 P.2d 1260 (1973).

▮ Pursuant to section 39-22-303(5), the department may distribute or allocate the income of corporations owned or controlled by the same interests if it concludes that that is the most effective method of taxing "all the income that Colorado can constitutionally tax." *Coors v. Colorado, supra. See* section 39-22-301(1), C.R.S. 1973. *Alternatively,* the department may require such corporations to file a consolidated return if it deems that one is necessary "in order to prevent evasion of taxes and to clearly reflect income."

---

[7] We note that a number of commentators have concluded that the Wisconsin court misinterpreted *Edison California Stores. See* Keesling, *supra,* and Rudolph, *supra.*

█ Thus, the department need not show that a Colorado corporation, such as Joslin, which is part of a unitary business, is attempting to evade taxes in order to require that that corporation submit a combined report. To interpret the statute differently would defeat the intent of the legislature to tax all income "reasonably attributable to [the taxpayer's] business activities in this state." *Gen'l Motors v. Colo., supra*. As the Illinois court noted in *Caterpillar Tractor Co., supra*:

"The major advantage of the unitary method is that, with regard to the taxation of a parent company and its various subsidiaries, there is no elevation of form over substance. Without the unitary method there would be a different tax application for an integrated business which is run as a number of separate corporations rather than a single multistate corporation. (See *Coca-Cola Co. v. Department of Revenue,* (Or. 1975), 533 P.2d 788). Since the whole point of the income tax act is to ascertain that portion of the business which is done within the state, there is no reason to find different results based simply on the formal structure of the business."

█ Joslin argues that the interpretation of section 39-22-303(5) that we here adopt would result in an unconstitutional delegation of legislative power to the department because it would render the statute without any guidelines for the exercise of its discretionary power to allocate income and deductions. We do not agree. The guidelines are found in the obligation of the corporate taxpayer to pay an income tax "equal to five percent of the net income from sources within Colorado" (section 39-22-301(1)) and the duty of the department to ascertain the net income attributable to sources within Colorado in order to effectuate the intent of the legislature.

The judgment is reversed and the cause remanded for further proceedings consonant with the views expressed herein.

CHIEF JUSTICE HODGES does not participate.