# IN THE OREGON TAX COURT

## U-HAUL INTERNATIONAL, INC.
*v.*
## DEPARTMENT OF REVENUE
(TC 1923)

John B. DesCamp, Jr., and Gregory F. Jenner, Weiss, DesCamp, Botteri and Huber, Portland, represented plaintiff.

Elizabeth S. Stockdale and James C. Wallace, Assistant Attorneys General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered March 7, 1985.

**EDWARD H. HOWELL, Judge Pro Tem.**

This is a suit seeking a refund of corporate excise taxes assessed against plaintiff for the fiscal years 1976, 1977 and 1978.

Plaintiff, U-Haul International, Inc. (U-Haul), an Oregon corporation, is in the business of renting trucks, trailers and related equipment for moving and hauling. U-Haul is a wholly owned subsidiary of AMERCO, a holding company, incorporated in Nevada with its headquarters and its principal place of business in Phoenix, Arizona. Insurance for U-Haul and its customers is provided by three corporations, Oxford

Life Insurance Company, Republic Western Insurance Company and Republic Claims Service Company (the insurance companies). Each is a wholly owned subsidiary of Ponderosa Insurance Agency, and Ponderosa is a wholly owned subsidiary of AMERCO. None of the insurance companies did business in Oregon during the tax years involved.

■     The sole issue is whether the insurance companies are unitary with U-Haul and therefore obligated to report their income in a combined report with U-Haul as provided by ORS 314.363.[1] That statute states that for combined reporting to be required the corporations must be (1) affiliated with a corporation subject to Oregon taxation and (2) that all must be part of a unitary group of corporations. U-Haul concedes that the insurance companies are affiliated corporations with U-Haul. An affiliated corporation which is part of a unitary group subject to combined reporting is defined under subsection (3) of ORS 314.363:

> "(3)   An affiliated corporation is a part of a unitary group when it is engaged in business activities which are integrated with, dependent upon, or which contribute to the business activities of the group as a whole, and the business activities of the group are carried on and are taxable in more than one state."

■     Both the statute and the cases in Oregon have adopted the so-called "dependent and contributing test." *See Zale-Salem, Inc. v. Tax Com.,* 237 Or 261, 391 P2d 601 (1964), and *Coca Cola Co. v. Dept. of Rev.,* 271 Or 517, 533 P2d 788

---

[1] ORS 314.363 provides in pertinent part:

"(1)  The Department of Revenue may permit or require an affiliated corporation that is subject to taxation under ORS chapter 317 or 318 (or both) and that is a part of a unitary group of affiliated corporations to file a combined report covering the unitary operation of the group. The report shall contain such information as shall be designated in rules adopted by the department.

"(2)  An affiliated corporation is a corporation that is a member of a group of two or more corporations with a common owner or owners, either corporate or noncorporate, where more than 50 percent of the voting stock of each member corporation is directly or indirectly owned by the common owner or owners or by one or more of the member corporations.

"(3)  An affiliated corporation is a part of a unitary group when it is engaged in business activities which are integrated with, dependent upon, or which contribute to the business activities of the group as a whole, and the business activities of the group are carried on and are taxable in more than one state."

(1975). If the operation of the insurance companies is integrated with, dependent upon, or contributes to the operation of the business activities of the group as a whole the operations are unitary and combined reporting is required.

U-Haul, which started its truck rental business in 1945, originally obtained insurance from Lloyds of London. Later liability insurance, fire insurance and medical and life insurance were acquired from various other carriers. Because of dissatisfaction with the other carriers and the desire to diversify, Ponderosa, the parent company of the three insurance companies, was formed in 1967 as a general insurance agency and sold insurance to the general public plus U-Haul.

Oxford Life was purchased by Ponderosa in 1969. Oxford Life engages in direct sales and insurance transactions in ordinary life, term life, disability and accident and health policies. Oxford provided AMERCO with a major medical plan and a disability plan for employees. The same plans were sold to others in various states. Between 87 percent and 93 percent of the business of Oxford was derived from sources unaffiliated with U-Haul.

In 1973 Republic Western was formed as a subsidiary of Ponderosa in order to enter into the property and casualty field. Republic Western engages in mostly re-insurance in general liability, property damage, extended coverage, comprehensive auto liability and accident and health coverage. Only a small percentage of Republic Western's income is from U-Haul premiums, and approximately 95 percent came from re-insurance transactions.

Republic Claims Service was organized in 1977 because AMERCO was not satisfied with the claims adjustment done by others not familiar with U-Haul equipment and operations.

The great majority of the business done by both Oxford and Republic Western came from outside services not connected with U-Haul. The insurance rates between the companies and U-Haul were negotiated on an arm's-length basis based on claims experience.

The record shows that several individuals were directors in all of the insurance companies. Others employed by the insurance companies had been employees of U-Haul. E. J.

Schoen was president of U-Haul and Vice President of AMERCO and a director of Oxford Life. In one instance Schoen summarily removed the President of Oxford and Republic Western for misappropriation of funds.

There was evidence that Oxford made a loan to U-Haul in 1974 and another in 1977.

In 1975 U-Haul sold a portion of its office complex in Phoenix, Arizona, to Oxford at the book value of the building. The part sold had been occupied by the insurance companies plus tenants unaffiliated with U-Haul.

The insurance companies use U-Haul's computer for the issuance of payroll checks.

While U-Haul is a customer of the insurance companies and pays premiums for the insurance and there is some overlap of corporate officers and directors, the management and operation of the insurance companies is independent from U-Haul and AMERCO. The insurance coverage to U-Haul has been provided on an arm's-length basis on rates negotiated between them based upon experience. The companies operate as separate profit centers and pay all their own operating expenses. All financing and banking is independent of U-Haul. All accounting is separate and they operate on different fiscal years. There was no evidence that U-Haul or AMERCO exercised control over the insurance companies or that the insurance companies exercised control over U-Haul and AMERCO. U-Haul is engaged in the business of renting trucks and trailers to the general public.

The insurance companies are providing all types of insurance, including re-insurance for its various customers, including U-Haul. Unlike the situation in *Zale-Salem, supra,* and *Coca Cola, supra,* the operation of the insurance business is separate and distinct and one does not depend upon or contribute to the others. The insurance companies are not unitary with U-Haul and therefore not required to file combined reports.

The opinion and order of the Department of Revenue is set aside.