618 P.2d 1261 (1980)
289 Or. 885
CATERPILLAR TRACTOR CO. and Towmotor Corporation, Appellants,
v.
DEPARTMENT OF REVENUE, State of Oregon, Respondent.
No. 1233; SC 26786.
Supreme Court of Oregon.
Argued and Submitted September 10, 1980.
Decided October 21, 1980.
Margaret M. Baumgardner, Portland, argued the cause for appellants. With her on the briefs was John R. Hay, Portland.
Walter J. Apley, Asst. Atty. Gen., Salem, argued the cause for respondent. With him on the brief was James M. Brown, Atty. Gen., Salem.
*1262 Before DENECKE, C.J., and TONGUE, HOWELL, LENT, LINDE and TANZER, JJ.
TANZER, Judge.
This case involves a determination of the Oregon corporate excise tax liability of the two plaintiffs. Plaintiffs are foreign corporations, one the wholly owned subsidiary of the other, which do business in Oregon and are subject to Oregon excise tax. The defendant, the Department of Revenue, ordered each plaintiff corporation to compute its Oregon taxable income on a combined basis for the tax years 1969 through 1972, and denied plaintiffs the use of consolidated returns for those years, resulting in a deficiency assessment. Plaintiffs contested the disallowance of consolidated returns for the years in question. The Tax Court upheld the action of the Department. Plaintiffs appeal.
Before addressing plaintiffs' contentions, we look to the two terms combined reports and consolidated returns. The practice of combined reporting and the factors that trigger its applicability are described in the administrative rules implementing ORS 314.615. Basically, ORS 314.615 requires a taxpayer with income from interrelated business activity within and outside of the State of Oregon to compute its net income attributable to Oregon based on a proportion of its total income.[1] Such a business is described by a rule as a "unitary" business. OAR 150-314.615(D).[2] Where two or more corporations are engaged in a unitary business, a rule provides that the Oregon net income for each will be allocated by computing a fraction of their total combined income; hence the term, "combined reporting." OAR 150-314.615.[3]
The effect of the Department's requirement that the two corporations file combined reports, but not file consolidated returns was to require the two corporations to file separate returns in which each corporation would compute its Oregon net income on a combined basis. To understand the Department's action, it is necessary to differentiate a combined report from a consolidated return. A combined report is an accounting method whereby each member of a group carrying on a unitary business computes its individual taxable income by *1263 taking a portion of the combined net income of the group. A consolidated return is a taxing method whereby two corporations are treated as one taxpayer. The difference is stated in Keesling, A Current Look at the Combined Report and Uniformity in Allocation Practices, 42 J. of Tax 106, 109 (February 1975):
"Because of its importance, it should be emphasized that the combined report is not the same as a consolidated return, and does not in any way result in the taxing of one corporation on or measured by the income of another. Actually the combined report is not a tax return, but constitutes something in the nature of an information return. Notwithstanding its use each corporation doing business in the taxing state is taxed on or measured by only its own income from sources within the state. However, if the corporation doing business in the state is a member of an affiliated group conducting a business within and without the state, then instead of computing the income attributable to the state on the basis of the corporation's books of account, which may reflect the operation of only a small segment of the business, the apportionment is made with reference to the income from the entire business just as would be done if the business had been conducted by one entity."
Plaintiffs agree that they are a unitary business subject to combined reporting. They contest only the disallowance of their use of a consolidated return and the denial of tax advantages they claim the consolidated return would afford them.[4] Plaintiffs contend that allowance of a consolidated return by the two corporations as one taxpayer was mandated by former ORS 317.360 whenever the Department determined that they were affiliated corporations engaged in a unitary business. They argue that the Department had no discretion to disallow plaintiffs' use of a consolidated return once the Department had decided under its administrative rules that plaintiffs were affiliated corporations engaged in a unitary business and subject to combined reporting.
To the contrary, former ORS 317.360 does not mandate the use of a consolidated return whenever the Department determines that combined reporting is required. During the years 1969-1972 subsection (1) of the statute read as follows:
"Where a corporation required to make a return under this chapter is affiliated with another or other corporations (whether or not such other corporation or corporations are doing business in Oregon) and the income of the corporation required to make the return is affected or regulated by agreement or arrangement with such affiliated corporation or corporations, the department may permit or require a consolidated return and apply the tax upon that part of the income shown on the consolidated return which is properly attributable to this state under the rules and regulations of the department relating to allocation of income. The corporations which are joined in a consolidated return shall be treated as one taxpayer." (Emphasis added)
The plain language of the statute commits the decision whether to "permit or require" a consolidated return to the Department's discretion if two corporations are "affiliated" (as defined by former ORS 317.360(2)) and "income * * * affected or regulated by agreement or arrangement with such affiliated corporation." It does not require the Department to permit a consolidated return. The statute says "may," not "shall."
*1264 Plaintiffs do not argue that the Department has abused its discretion under the statute. Rather, plaintiffs argue that because ORS 317.360 contains the only statutory reference to combined reporting, there is no other authority for the Department to require it. Therefore, plaintiffs argue, whenever the Department requires combined reporting, it thereby triggers the statute and the Department must permit consolidated returns. The argument does not follow.
The authority for requiring combined reporting was derived from a statute other than ORS 317.360 during the years in question. The rules were promulgated under the general allocation statute, ORS 314.615. We have upheld the method of combined reporting and acknowledged that it was based on the general authority to require allocation of taxable income. Coca Cola Co. v. Dept. of Rev., 271 Or. 517, 533 P.2d 788 (1975), Zale-Salem, Inc. v. Tax Com., 237 Or. 261, 391 P.2d 601 (1964).[5]See Donald M. Drake Co. v. Dept. of Rev., 263 Or. 26, 31, 500 P.2d 1041 (1972). See also Joslin Dry Goods Co. v. Dolan, Colo., 615 P.2d 16 (1980).
ORS 317.360 was repealed in 1975 and replaced by ORS 314.363, which expressly requires combined reporting, but that statutory change does not undercut our conclusion that the earlier use of combined reporting was based on authority other than ORS 317.360. The legislative history reflects that ORS 317.360, enacted in 1929, was in desuetude. The Department had required combined reporting as an accounting method since the 1950's and did not use its discretion to permit or require consolidated returns as a taxing device. In 1975 the Department proposed codification of combined reporting to forestall future challenges of the type made in Coca Cola Co., supra. At the same time, the Department sought repeal of ORS 317.360 because its existence had not accomplished the desired objective.[6]
Thus, neither ORS 317.360 nor the requirement of combined reporting under the Department's rules required the Department to permit plaintiffs' use of consolidated returns. The Department had authority to require each plaintiff to compute its taxable income by the combined reporting method pursuant to ORS 314.615 and the rules promulgated thereunder without reference to ORS 317.360. It also had discretion not to permit plaintiffs to file a consolidated tax return pursuant to ORS 317.360(1).
The Tax Court correctly upheld the Department's action disallowing plaintiffs' use of a consolidated return.
Affirmed.
NOTES
[1] ORS 314.615 provides:

"Any taxpayer having income from business activity which is taxable both within and without this state, [with certain inapplicable exceptions] shall allocate and apportion his net income as provided in ORS 314.605 to 314.675. * * *"
[2] OAR 150-314.615(D) provides:

"Where the taxpayer's Oregon business activities are a part of a unitary business carried on both within and without the state, use of the apportionment method is mandatory to determine the portion of the unitary net business income attributable to Oregon.
"* * *
"A `unitary business' is one the component parts of which are too closely connected and necessary to each other to justify division or separate consideration as independent units. If the business activities within Oregon are integrated with, dependent on or contribute to the business activities outside the state, the entire operation is unitary in character, and the income from Oregon business activities will be determined by the apportionment method."
[3] OAR 150-314.615(E) provides:

"Where two or more corporations are engaged in a unitary business, a part of which is conducted in Oregon by one or more members of the group, the Oregon net income of each corporation which is subject to the tax jurisdiction of this state shall be determined as follows: [the proportion of combined net income taxable in Oregon equals the proportion of the corporations' combined property, property and sales which is in Oregon] The use of the combined return required by this rule determines that portion of the unitary business net income attributable to Oregon business activities of the filing corporation.
"Each filing corporation shall file a combined return which apportions the combined net income of the corporations whose incomes are included in the computation of the unitary net income. The department may require the submission of supporting schedules in columnar form to show separately and in combination the profit and loss statements, balance sheets, and surplus reconciliations of each such corporation.
"* * *"
[4] Plaintiffs seek to be treated as one taxpayer in order to gain two tax advantages: (1) the use of Towmotor's unused personal property offset (described in ORS 317.020(2)) against the combined incomes of the two corporations, and (2) the non-application of the so-called "throwback sales" rule of ORS 314.665. Because we hold that the Tax Court correctly affirmed the Department's order denying plaintiffs' use of a consolidated return, we do not reach plaintiffs' ultimate claim regarding tax advantages that may flow from a consolidated return.
[5] Zale-Salem was based on a pre-existing statute, former ORS 314.280. ORS 314.615 was enacted in 1965 as part of the Uniform Division of Income for Tax Purposes Act ("UDITPA"), which was intended to establish uniform apportionment rules for taxpayers taxable in more than one state. Former ORS 314.280 was the pre-UDITPA counterpart of ORS 314.615.
[6] Hearings on SB 679 before Senate Revenue Committee, 58th Or. Legis. Ass'y (March 26, 1975), testimony of Theodore W. deLooze for the Department of Revenue, proponent of the bill, Tape 8, side 2, 1570-end. Hearings on SB 679 before House Revenue Committee, 58th Or. Legis. Ass'y (May 27, 1975), testimony of Theodore W. deLooze for the Department of Revenue, proponent of the bill, Tape 40, side 1, 0934-1060.