# IN THE OREGON TAX COURT

## TEKTRONIX, INC.
*v.*
## DEPARTMENT OF REVENUE
(TC 2682)

Milo E. Ormseth, Jones & Grey, Portland, represented plaintiff.

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered December 16, 1988.

### CARL N. BYERS, Judge.

This case concerns the deductibility of foreign taxes. There is no dispute as to the facts, defendant having admitted all of the substantive allegations of plaintiff's complaint. The parties have submitted briefs to assist the court in its determination of the legal issues raised.

Plaintiff is an Oregon corporation engaged in the business of manufacturing and selling high technology equipment. During the years in question plaintiff owned all of the outstanding stock of a number of foreign corporations. For brevity they are identified here as Tek/France, Tek/Belgium, Datatek (The Netherlands), and Tek International (Switzerland) which, in turn, owned all of the outstanding stock of Tek/Guernsey and Tek, Ltd. (Guernsey Island) and Tek/U.K. (United Kingdom). Plaintiff also owned 50 percent of the outstanding stock of Sony/Tektronix Corporation (Sony/Tek)(Japan). For each of plaintiff's fiscal years ending in 1973 through 1976, its Oregon corporate excise tax returns were prepared and filed using combined reporting and apportionment. The unitary combination consisted of the entire group of foreign and domestic corporations except Sony/Tek. Sony/Tek was not included in plaintiff's combined report because plaintiff owned only 50 percent of its outstanding stock.[1]

During the years in question, plaintiff received dividends from Tek/France, Tek/Belgium, Datatek, and Tek International. Tek International received dividends from Tek, Ltd., Tek/U.K. and Tek/Guernsey. Tektronix and Tek International paid withholding taxes to the foreign countries in which the payor companies operated with respect to such dividends. Plaintiff also received royalty payments from Tek/Guernsey and paid withholding taxes to the foreign countries in which Tek/Guernsey operated with respect to the royalty payments.

The foreign withholding taxes were imposed pursuant to the provisions of tax treaties and tax statutes. Under the treaties and statutes, the payment of dividends, royalties and interest by a company operating within a taxing country to a company outside of the taxing country created the foreign withholding tax obligation. The foreign withholding tax treaties and statutes required the company making a dividend,

---

[1] The parties have stipulated as follows:

"Plaintiff is entitled to deduct the foreign withholding taxes paid as alleged in plaintiff's Complaint with respect to the interest, royalty and dividend payments made by Sony/Tek to plaintiff during the years 1973 through 1976, inclusive. The Opinion and Order entered below erred in failing to allow such deductions."

Based on this stipulation, the court will enter judgment for plaintiff in this regard and therefore will not consider Sony/Tek as part of the dispute.

royalty or interest payment to withhold as tax a percentage of the gross amount of the payment. The withholding company then paid the amount of such payment net of the tax to the recipient company, and remitted the tax withheld to the taxing country.

The total taxes for the years involved ranged from a low of $673,305 in 1973 to $2,442,001 in 1976. Plaintiff deducted all of the foreign withholding taxes paid on its Oregon corporation excise tax returns filed. Defendant disallowed all of the deductions and assessed deficiencies. Plaintiff appealed and now seeks a refund of the additional taxes paid.

■          Each side claims to be standing on solid ground; plaintiff on a rock-solid statute and defendant on a concrete rule. The relevant portion of the statute, ORS 317.265, provides as follows:

"(1)   In computing net income there shall be allowed as deductions taxes paid during the taxable year, except:

"* * * * *

"(b)   Taxes upon or measured by net income or profits and imposed by the United States, any foreign country, this state or any state or territory. However, taxes and license fees imposed by counties, cities and other political subdivisions of this state and other states are deductible regardless of the subject or measure of the tax or license fee. *Taxes paid to a foreign country upon dividends, interest or royalties arising from sources within such foreign country are deductible.*" (Emphasis supplied.)

Although the statute clearly provides for deduction of the type of foreign taxes paid in this case, defendant contends that they are not deductible because of the combined reporting required of plaintiff.

■          Under the unitary apportionment of income statutes, combined reporting treats several affiliated businesses as a single business entity. *Caterpillar Tractor Co. v. Dept. of Rev.,* 289 Or 895, 618 P2d 1261 (1980). Consequently, interest and royalty payments from one company in the group to another company in the group cancel each other out because both the debits and the credits are included in the combined report. Dividends paid by one company to another company within the same group are excluded by statute to the extent that the

income of the corporation which paid the dividend is included in the combined income. ORS 317.110.

The rule relied upon by defendant, OAR 150-317.300, provides as follows:

"Deductions otherwise allowable under ORS 317.255-317.295, inclusive, are not allowable if and to the extent that they are connected with income which is not included in the measure of the excise tax imposed by this law."

Defendant's argument essentially is: The combined accounting principles "overlay" all of ORS chapter 317 with regard to income and deductions. Under combined reporting, dividends, interest and royalties are not included in the "measure" of income subject to Oregon excise tax. Since combined accounting looks only to the earnings or net profits of the constituent companies, OAR 150-317.300 makes the taxes paid on the dividends, interest and royalties nondeductible.

■ Defendant's view of the rule is too broad and its view of the statute too narrow. ORS 317.265 begins by stating as a general proposition that taxes paid shall be allowed as deductions. The statute then lists a number of exceptions, one of which is taxes upon or measured by net income. The last sentence of that exception states: "Taxes paid to a foreign country upon dividends, interest or royalties arising from sources within such foreign country are deductible." The legislature apparently wanted to make it clear that such taxes are not considered taxes upon or measured by net income. The statute does not impose any condition that the income be included in the "measurement" in order for the foreign taxes to be deductible.

The rule relied upon by defendant disallows deductions for taxes paid "to the extent that they are connected with income which is not included in the measure of the excise tax imposed by this law." This rule may be a reasonable interpretation of the deduction provisions of ORS chapter 317 where income is exempt from Oregon law such as exempt bond interest income. However, the income which was the source of the dividends, royalties and interest on which plaintiff paid foreign taxes is not exempt from taxation by Oregon. Defendant argues for disallowance of the foreign tax as a deduction only because the item of measure for the foreign tax is not in the measure of the excise tax.

Defendant's position ignores economic realities. It does not deny that the foreign taxes were actually paid. Reduced to its essentials, defendant's position is that plaintiff cannot deduct expenses incurred by virtue of its form of ownership. This does not seem reasonable. Does defendant also disallow corporate filing fees, legal and accounting fees, overhead and other administrative expenses, all directly attributable to the fact that business is conducted in the form of several corporations? It seems unlikely. Under defendant's theory, a foreign subsidiary could earn $20 of net income and declare all of that net income as a dividend to its parent company. In that case, the foreign subsidiary could withhold $5 as foreign tax and send the balance of $15 to the parent. However, under combined reporting the parent has to include the full $20 in its measure of income for excise tax purposes. If the foreign tax is not deductible, the income of the combined group is artificially increased. Defendant's position does not appear to be consistent with the statute or a reasonable application of the combined reporting principles.

Moreover, the court finds that the dividends, interest and royalties upon which the foreign taxes were paid are "connected" with the income which is included in the "measure of the excise tax" imposed by law. ORS 317.265 does not require the dividends, interest and royalties to be measured as such for Oregon excise tax purposes. It is enough that the income which gives rise to the expense is within the combined earnings which are included in the measure of the excise tax.

Defendant erred in applying its rule to prevent the deduction by plaintiff of foreign taxes paid on royalties, dividends and interest received by plaintiff. Judgment will be entered setting aside defendant's Opinion and Order No. 3-0131-8 and ordering refunds in accordance with statutory provisions.

Costs to neither party.