Timothy J. LEATHERS, Commissioner, Arkansas Department of
Finance and Administration *v.* JACUZZI, INC.

96-136                                               935 S.W.2d 252

Supreme Court of Arkansas
Opinion delivered December 16, 1996

858

*Joyce Kinkead*, for appellant.

*Friday, Eldredge & Clark*, by: *James M. Saxton* and *Barry E. Coplin*, for appellee.

ROBERT H. DUDLEY, Justice. The sole issue in this case is whether Jacuzzi, Inc., and Jacdisc, Inc., its domestic international sales corporation, are entitled to file combined income-tax returns. The Arkansas Department of Finance and Administration policy does not permit combined returns, and the Department did not authorize the corporations to file combined returns. The administrative law judge upheld the Department's actions and ruled that the two corporations could not file combined returns. The chancellor reversed on the ground that combined returns would give a "clear reflection of income and expenses" of the two corporations. We reverse.

Jacuzzi, Inc., has multistate and multinational sales and operations. It formed Jacdisc, Inc., as a wholly owned subsidiary domestic

international sales corporation, or DISC, to take advantage of federal tax provisions. In conformity with the federal tax provisions, Jacdisc received "bookkeeping" commissions on international sales of products that were purchased from Jacuzzi. Both corporations have the same management, personnel, facilities, and accounting operations.

In 1980 and 1981 Jacuzzi and Jacdisc each filed separate Arkansas income-tax returns. In 1982 and 1983 the two corporations filed combined returns and, at the same time, filed amended returns for the years 1980 and 1981. The amended returns were filed as combined returns. Neither corporation had requested or received permission from the Commissioner to file combined returns. The Department disallowed the four combined returns on the ground that Arkansas corporate income-tax law does not specifically require or allow combined reporting and sent Jacuzzi a notice of proposed assessment. Jacuzzi countered with a claim for a refund and pursued and exhausted its administrative remedies. In an administrative hearing that combined the assessment and claim for refund, the administrative law judge ruled that the applicable Arkansas income-tax statutes do not authorize combined reporting, but that the Uniform Division of Income for Tax Purposes Act (UDITPA) permits the Department to accept combined reporting. The administrative judge concluded that, although the Department could accept combined reporting under UDITPA, the Department policy was not to accept such returns; therefore, Jacuzzi was not entitled to relief.

Jacuzzi filed this suit in chancery court and asked that the court order the Department to accept its income-tax returns on a combined basis with Jacdisc and to decree that it was entitled to the refunds. The chancellor ruled that a combined return was mandated in order to achieve a clear reflection of income and expenses of the corporations and granted relief to Jacuzzi. The Department appeals.

The Department's primary point of appeal is that the chancellor erred in ruling that Arkansas law does not prohibit, but rather requires, the filing of combined returns in order to achieve a clear reflection of income. Included within the primary point of appeal are a number of subpoints.

In the first of its subpoints the Department contends that the chancellor erred in finding that its 1982 instruction booklet

provided for filing of combined returns. The argument is well taken. The instruction booklet states that "DISC corporations are treated as regular business corporations" and "Business corporations, financial institutions, domestic insurance companies and DISC corporations should use Ark. Form 1100 CT." The booklet thus indicates that the two corporations should each file a separate return.

In its second subpoint, the Department contends that the chancellor erred in finding that the Department refused to allow the four combined returns on the ground that the corporations "had in effect filed 'consolidated' returns." This argument is also well taken. In refusing to allow the corporations to file the amended combined returns, the Commissioner wrote that Arkansas statutes authorize consolidated returns, but, "Arkansas Corporate Income Tax Law does not specifically require or allow combined reporting. Therefore, the Revenue Division will not utilize unitary combined reporting to tax multistate or multinational corporations. Also, the Revenue Division will not accept returns filed on a unitary combined report basis."

Consolidated reporting is based on the principle that a group of corporations is taxed on their consolidated taxable income, "representing principally the results of its dealings with the outside world after the elimination of intercompany profit and loss." 3 Boris I. Bittker & Lawrence Lokken, *Federal Taxation of Income, Estates, and Gifts* ¶ 90.5 at 90 (2d ed. 1988). Combined reporting is distinguished from consolidated reporting as follows:

> In a combined report ... the combined income of the affiliated group is not computed for the purpose of taxing such income, but rather as a basis for determining the portion of income from the entire unitary business attributable to sources within the state which is derived by members of the group subject to the state's jurisdiction.

*Chesapeake Indus. v. Comptroller*, 59 Md. App. 370, 376, 475 A.2d 1224, 1227 (1984) (quoting J. Buresh and M. Weinstein, *Combined Reporting: The Approach and Its Problems*, 1 Jnl. of State Taxation 5 (1982)). Or, as stated by the Oregon Supreme Court:

> A *combined report* is an *accounting* method whereby each member of a group carrying on a unitary business computes its individual taxable income by taking a portion of the com-

bined net income of the group. A *consolidated return* is a *taxing* method whereby two corporations are treated as one taxpayer.

*Caterpillar Tractor Co.* v. *Department of Revenue*, 289 Or. 895, 896, 618 P.2d 1261, 1262-63 (1980) (emphasis in the original).

The chancellor ruled that combined returns are "mandated under the present facts so as to achieve a clear reflection of income and expenses of Jacdisc and Jacuzzi pursuant to Ark. Code Ann. § 26-51-805 (1987)." In its third subpoint the Department notes that the cited statute involves consolidated corporate income tax returns; consequently, it does not support the chancellor's ruling that the statute "mandates" the filing of a combined return. This argument is also well taken as the statute does not "mandate" the filing of a combined return or the filing of any specific type of return. The Department additionally notes that, contrary to the statute supporting the filing of combined returns, the chancellor found that "[t]he parties are in agreement that Ark. Code Ann. § 26-51-805 prohibits a DISC from filing 'consolidated' income tax returns with its parent corporation because the statute refers to federal law relating to qualifications to file consolidated returns for federal purposes."

In its next subpoint, the Department argues that the chancellor erred in ruling that Jacuzzi's filing of combined returns was not prohibited by Uniform Division of Income for Tax Purposes Act because Jacuzzi did not petition the Department for permission to utilize the combined reporting method. Before discussing the details of this subpoint, it might be helpful to state that there is no express provision in UDITPA, Ark. Code Ann. §§ 26-51-701— 723, that requires or allows combined reporting. However, there is a discretionary provision in UDITPA upon which combined reporting can be allowed and, in fact, is allowed by a number of states. That provision is section eighteen of the Uniform Act, and the Arkansas Code carries forward the last two figures of the numbering system, so that it is section 26-51-718. The section is as follows:

If the allocation and apportionment provisions of this subchapter do not fairly represent the extent of the taxpayer's business activity in this state, the taxpayer may petition for or the Director of the Department of Finance and Administration may require, in respect to all or any part of the taxpayer's

business activity, if reasonable:

(a) Separate accounting;

(b) The exclusion of any one (1) or more of the factors;

(c) The inclusion of one (1) or more additional factors which will fairly represent the taxpayer's business activity in this state; or

(d) The employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's income.

■■ There is a split of authority among the states that have adopted the UDITPA; some have not allowed the combined reporting, while others have found that the discretionary provisions within section eighteen of the UDITPA allow such reporting. Jerome R. Hellerstein, *State Taxation* ¶ 8.12[1] at 8-102 (1993). The administrative law judge found that the foregoing statute was "permissive in terms of allowing a state to accept 'combined reporting.' " We have never specifically addressed this issue, but our holdings are consistent with the finding of the administrative law judge. *See Pledger* v. *Illinois Tool Works*, 306 Ark. 134, 812 S.W.2d 101 (1991) and *Land O'Frost* v. *Pledger*, 308 Ark. 208, 823 S.W.2d 887 (1992).

In *Caterpillar Tractor Co.* v. *Lenckos*, 84 Ill. 2d 102, 417 N.E.2d 1343 (1981), the Illinois Supreme Court held:

Considering whether UDITPA authorizes the use of unitary apportionment, we first observe that UDITPA does not make any reference to unitary apportionment or combined reporting. The absence of specific reference to the unitary method is not, however, critical, for in a number of jurisdictions that adopted UDITPA and in some of them, the MTC as well, courts have held that unitary apportionment or combined reporting was authorized though the particular income tax statute made no reference to this method of reporting. In *Coca Cola Co.* v. *Department of Revenue* (1975), 271 Or. 517, 533 P.2d 788, the Oregon Department of Revenue applied a unitary or combined apportionment method of accounting to the income tax returns of the plaintiff corporation and its wholly owned subsidiaries, which had filed separate returns using Oregon's

three-factor apportionment formula, which is similar to that set out in the Illinois statute. The Department argued that the combined method, though not specifically provided for in the tax statutes into which UDITPA had been incorporated, would more accurately reflect the income of what it contended was a unitary business operation. Concluding that the company's syrup and bottling operations were so inextricably connected as to constitute a unitary business, the court stated: "The combined method of apportionment reporting is wholly consistent with, and a natural extension of, the apportionment method." (271 Or. 517, 528, 533 P.2d 788, 793.) The court held that the plaintiff and its subsidiaries "are all part of the same unitary operation and were required to use the combined method of reporting for the tax years in question." 271 Or. 517, 529, 533 P.2d 788, 794. See also *American Smelting & Refining Co.* v. *Idaho State Tax Com.* (1979), 99 Idaho 924, 592 P.2d 39; *Montana Department of Revenue* v. *American Smelting & Refining Co.* (1977), 173 Mont. 316, 567 P.2d 901.

The Supreme Court has also held that the absence of any statutory reference to the unitary method of reporting does not forbid its use. In *Butler Brothers* v. *McColgan* (1942), 315 U.S. 501, 62 S. Ct. 701, 86 L. Ed. 991, the plaintiff, an Illinois corporation conducting a wholesale goods and general merchandise business, was licensed to conduct business in California. The company had wholesale distributing divisions located in seven states, including California, each serving a district area and each controlling its own sales force, accounting procedures, sales operations and credit and financing procedures as well. Though the California tax statute did not specifically authorize the combined method of reporting or make any references to unitary operations, the court upheld the State's decision to apply the unitary method to the combined income derived from the operations of the seven divisions. In its holding the court stated that "this court has recognized that unity of the use and management of a business which is scattered through several states may be considered when a State attempts to impose a tax on an apportionment basis. As stated in *Hans Rees' Sons, Inc.* v. *North Carolina* [(1931), 283 U.S. 123, 133, 51 S. Ct. 385, 389, 75 L. Ed. 879, 905], 'the enterprise of a corporation

which manufactures and sells its manufactured product is ordinarily a unitary business, and all the factors in that enterprise are essential to the realization of profits.' " 315 U.S. 501, 508, 62 S. Ct. 701, 704-05, 86 L. Ed. 991, 996.

In a later case, *Northwestern States Portland Cement Co.* v. *Minnesota* (1959), 358 U.S. 450, 79 S. Ct. 357, 3 L. Ed. 421, the court addressed a similar challenge to the use of a unitary apportionment method, and in citing *Hans Rees'* and other apportionment decisions (*e.g., Bass, Ratcliff & Gretton, Ltd.* v. *State Tax Com.* (1924), 266 U.S. 271, 45 S. Ct. 82, 69 L. Ed. 282; *Underwood Typewriter Co.* v. *Chamberlain* (1920), 254 U.S. 113, 41 S. Ct. 45, 65 L. Ed. 165) the court upheld the use declaring: "These cases stand for the doctrine that the entire income of a corporation, generated by interstate as well as intrastate activities, may be fairly apportioned among the States for tax purposes by formulas utilizing in-state aspects of interstate affairs." 358 U.S. 450, 460, 79 S. Ct. 357, 363, 3 L. Ed. 421, 428. See also *Exxon Corp.* v. *Wisconsin Department of Revenue* (1980), 447 U.S. 207, 100 S. Ct. 2109, 65 L. Ed. 2d 66; *Mobil Oil Corp.* v. *Commissioner of Taxes* (1980), 445 U.S. 425, 100 S. Ct. 1223, 63 L. Ed. 2d 510.

*Id.* at 118-20, 417 N.E.2d at 1352-53. Similarly, we hold that Ark. Code Ann. § 26-51-718 (1987) grants the Commissioner the discretionary power to require or permit the apportionment on a combined basis of the income of a taxpayer that is part of a unitary business.

■ Even so, Jacuzzi is not entitled to the relief granted by the chancellor because it did not apply to the Commissioner to be permitted to use this method of accounting in accordance with section 26-51-718. This evidence was clearly before the chancellor. The cross-examination of Charles Bellott, assistant manager of the corporation income-tax section of the Department, and a nineteen-year employee, is abstracted as follows:

I believe the Director can take into consideration various factors in related companies in order to arrive at a clear reflection of income. A clear reflection of income has a relationship to the activities within the state. Ark. Code Ann. § 26-51-718 states something to the effect that the inclusion of one or more additional factors will fairly represent the

business activity in this State. It says the Director or the Department may consider those factors in the application of the taxpayer. It is the Department's goal to arrive at a clear reflection of income.

On redirect, he testified as follows:

Ark. Code Ann. § 26-51-718 deals with the allocation and apportionment provisions of the UDITPA section. A taxpayer who wishes to deviate from the standard formulary apportionment has to petition for a change. Jacuzzi has not petitioned for a change. The Director never authorized the deviation before the filing of the returns. Jacuzzi deviated without the Director's permission from the formulary apportionment by filing these returns. That's an additional basis for rejecting the returns. A taxpayer cannot petition by filing a return. From my review of the returns, a petition to utilize combined unitary reporting is not contained in any of the returns.

Jacuzzi counters that "[e]ven were such a petition required, Jacuzzi's filing for refund using the combined method and filing returns using the combined method certainly constitutes a 'petition' to employ the combined reporting method. Any additional procedure would be superfluous." Jacuzzi's response is not well taken, as it would violate the separation of powers doctrine.

■ The Department of Finance and Administration is a part of the executive branch. In a judicial review of the action of an administrative agency of the executive department, a trial court cannot, on appeal, substitute its judgment for that of the executive department, but is restricted to considering whether, as a matter of law, the agency acted fraudulently, arbitrarily, or capriciously; whether the administrative action was substantially supported by substantial evidence; and whether the agency's actions were within the scope of its authority. Here, the judicial branch attempted to exercise the power of the executive branch.

Reversed and remanded for proceedings consistent with this opinion.

BROWN, J., concurring.

ROBERT L. BROWN, Justice, concurring. I concur with the conclusion in the majority opinion that the Department of Finance

and Administration must first address the issue of combined reporting as it relates to Jacuzzi, Inc., and Jacdisc, Inc., and this has not been done. *See* Ark. Code Ann. § 26-51-718 (Repl. 1992).

What concerns me is the following exchange that occurred between justices of this court and counsel for the Department at oral argument:

> COUNSEL FOR DEPARTMENT: One final issue I'd like to address with the few seconds I have left is the issue of discretion. That is the key to this case. The director is vested with the discretion to use an alternative method should a taxpayer request an alternative method.

> JUSTICE BROWN: What factors would the director look to in determining whether combined reporting was appropriate or not?

> COUNSEL FOR DEPARTMENT: At this point, I do not believe that the director will allow combined reporting under any circumstances.

> JUSTICE BROWN: Well then discretion goes out—

> COUNSEL FOR DEPARTMENT: It is discretionary and he cannot be forced to exercise that discretion by a taxpayer.

> JUSTICE BROWN: But as far as if he is, if there has been a petition filed and he is in the process of determining whether combined reporting is appropriate or not, what factors would the director look to?

> COUNSEL FOR DEPARTMENT: Uh, whether or not it would equitably or more equitably allocate or apportion the income of the taxpayer. But like I said earlier, the director does not allow combined reporting at present, and that is a discretionary matter with him.

> JUSTICE BROWN: So I mean, he's exercised his discretion by saying we're just not going to allow combined reporting under any circumstances.

> COUNSEL FOR DEPARTMENT: Correct, your honor. And with that, it gets back to the discretion, that it's within his discretion as to—

JUSTICE GLAZE: Well that's no discretion at all, is it?

COUNSEL FOR DEPARTMENT: Well, that is the exercise of discretion not to allow that. It does come back to the same issue should someone, who wants, because they're asking for a refund here. Of course they're gonna say this more accurately or equitably reflects their income. They get a refund. If it were on the—if the tables were turned and they owed taxes, it would be a different matter. They wouldn't be here asking to file a combined return. It would be a non-issue. So, the same holds true with individual income tax. They could possibly find another way to apportion their income when they have in-state and out-of-state income. Individuals must report that out-of-state income—

JUSTICE BROWN: Well, if we sent this back for an appropriate petition to be filed for combined reporting, and for a hearing to be held, you're telling me that under no circumstances would the director authorize combined reporting?

COUNSEL FOR DEPARTMENT: It is my understanding at this point that is correct, your honor. For combined reporting, it would not be allowed.

The only conclusion that can be reached from this colloquy is that if Jacuzzi filed a petition for combined reporting, it would be a vain and useless act. We do not mandate exercises in futility.

Our statutes provide that a taxpayer may petition the Department for a more equitable allocation and apportionment of the taxpayer's income related to the extent of the taxpayer's business activity in this state, and that the Director of the Department will consider the reasonableness of the request. Ark. Code Ann. § 26-51-718 (Repl. 1992). Thus, the Department cannot simply dismiss all petitions for combined reporting out of hand. It must consider the relevant factors and exercise its discretion. To do otherwise violates § 26-51-718 and would constitute arbitrariness in my judgment.

I concur in the majority opinion only because I conclude that Department counsel is not the final word on the subject and because I agree that the chancery court is limited to reviewing actions taken by the Department. In this case, the chancery court made the

initial decision to permit combined reporting and in doing so exceeded the scope of its review.